**THE HONORABLE JUDGE RICARDO S. MARTINEZ**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                      Plaintiff,<br><br>    v.<br><br>JOHN DOE, JANE DOE and all Occupants of the Premises located at 8361 Seabreeze Court, Blaine WA 98230,<br>                      Defendants. | CASE NO. 2:15-cv-00881<br><br>OBJECTION TO NOTICE OF REMOVAL AND MOTION TO REMAND<br><br>NOTE ON MOTION CALENDAR: FRIDAY, JULY 10, 2015 |
| ROBERT BROWN, an individual,<br><br>                  Third-Party Plaintiff,<br>    v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation; RCO LEGAL, P.S., a Washington Professional Services Organization; WELLS FARGO BANK, N.A.,<br><br>                Third-Party Defendants. | |

## I.   RELIEF REQUESTED

COMES NOW Defendant, Counter Plaintiff, and Third-Party Plaintiff Robert Brown

("Brown") and objects to Plaintiff Federal Home Loan Mortgage Corporation's ("Freddie

Mac") Notice of Removal and moves this U.S. District Court to remand the above captioned

matter back to Whatcom County Superior Court when Freddie Mac was not entitled to

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
Tel. 360.403.8700 /Fax 360.386.4005

remove because it is the plaintiff in this case and it failed to follow the requisite federal procedure for removal. Brown also seeks an award of of just costs and actual expenses under 28 U.S.C. § 1447(c).

## II.   STATEMENT OF FACTS

On November 13, 2013, Freddie Mac filed an unlawful detainer action against Brown in Whatcom County Superior Court. Case No. 13-2-028383, Dkt. 2. On January 30, 2013, Freddie Mac motioned the Court for an Order Issuing a Writ of Restitution. Case No. 13-2-028383, Dkt. 12. On January 15, 2014, the Superior Court heard Freddie Mac's motion, and requested additional briefing regarding Freddie Mac's claim of ownership and the validity of the trustee's sale; a second hearing took place on April 11, 2014. Case No. 13-2-028383, Dkts. 21, 22, & 28. On April 11, 2014, the Superior Court granted a conditional Writ of Restitution which allowed Brown two weeks to come forth with materials regarding the validity of the trustee's sale before the writ would take effect. Case No. 13-2-028383, Dkt. 30.[1] Subsequently, Brown presented evidence demonstrating the Assignment of Deed of Trust relied upon by Freddie Mac was a nullity because the Assignment was executed two days before the Deed of Trust was executed. Case No. 13-2-028383, Dkt. 33 at 14:13-16 (citing Dkt. 16, Ex. A at 14-15 (Deed of Trust executed in favor of Whidbey Island Bank September 15, 2003) and Ex. B (Assignment of Deed of Trust to Wells Fargo dated September 13, 2015). On May 21, 2014, the Superior Court rescinded the writ and converted the unlawful detainer action into a general civil action. Case No. 13-2-028383, Dkt. 43 ("the Court will continue to hear proceedings in this case pursuant to the Court's general jurisdiction.") The Superior

---

[1] The Superior Court ordered, "That unless Defendants file any materials indicating that the Deed of Trust recorded September 15, 2003 is invalid or revised, by April 25, 2014, the court will determine that good cause exists and that the Clerk of the Court is directed to forthwith issue a Writ of Restitution. . . "

Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881  2

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Court also ordered "all issues related to the Plaintiff's ownership and/or possession of the premises, and/or the Deed of Trust and Promissory Note pertaining to the premises" were at issue and it would consider Brown's claims for violations of the Deeds of Trust Act. *Id.*

On February 11, 2015, Freddie Mac filed a motion for summary judgment. Case No. 13-2-028383, Dkt. 47. Brown filed a Response in which Brown requested a summary judgment Order in his favor finding the trustee sale of his home was void. Case No. 13-2-028383, Dkts. 54 at 1:20-2:2, 55, & 56. Freddie Mac struck the hearing. Declaration of Ashley Burns in Support of Objection to Notice of Removal and Motion to Remand ("Burns Decl.") Ex. A. In addition to the Response, on February 23, 2015, Brown filed his Answer and asserted counterclaims against Freddie Mac. Case No. 13-2-028383, Dkt. 53. On February 23, 2015, Freddie Mac was served a copy of Brown's Answer and counterclaims. *Id.*[2]

In addition to asserting counterclaims against Freddie Mac, Brown also asserted third party claims against Washington corporation, Northwest Trustee Services, Washington professional services company RCO Legal P.S., and Wells Fargo Bank, N.A. Case No. 13-2-028383, Dkt. 53.

On May 29, 2015, Brown filed a motion for default against Freddie Mac and all third party defendants for their failure to answer under Wash. C.R. 4. Case No. 13-2-028383, Case No. 13-2-028383, Dkt. 72. Instead of filing an answer, on June 6, 2015, Freddie Mac filed a Notice of Removal to this Court. *See* Case No. 13-2-028383, Dkt. 76; Dkt. 1 (Freddie Mac's Notice of Removal to Federal Court).

---

[2] Pursuant to Wash. CR 4(a)(4), "No summons is necessary for a counterclaim or cross claim for any person who previously has been made a party." Here, Freddie Mac was previously made a party when it filed the suit as a **plaintiff**. *See* caption.

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

### III.   STATEMENT OF ISSUES

Should this Court remand the case back to Whatcom County Superior Court when:

(1) Freddie Mac is the **Plaintiff** who filed suit in Whatcom Superior Court in 2013;

(2) Freddie Mac did not remove within thirty days of receiving Brown's counterclaims; and

(3) Freddie Mac is using manipulative tactics and improper forum shopping now that it is unhappy with the litigation in state court after bringing multiple affirmative motions and after the Superior Court has ruled on multiple issues and found multiple genuine issues of material fact?

### IV.   ARGUEMENT

The following includes the standards for removal jurisdiction and remand. In addition, Brown will discuss why remand is appropriate in this case when: (1) Freddie Mac is the plaintiff not the defendant; (2) Freddie Mac's improper removal is untimely; and (3) Freddie Mac is improperly forum shopping through the use of manipulative tactics. Finally, Brown seeks an award of costs based on the improper removal by Freddie Mac.

**A.    Standard for Removal and Remand**

Freddie Mac filed its Notice of Removal based on 12 U.S.C. § 1452(f)(3), which states Freddie Mac can remove any time before trial when it is a party. Dkt. 1 at 2:24-25. However, Freddie Mac does not cite 12 U.S.C. § 1452(f)(3) in its entirety or address the last clause, which modifies and limits the entire provision:

> 12(3) "any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of the Corporation is

Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881  4

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

located, **by following any procedure for removal of causes in effect at the time of such removal**."

12 U.S.C. § 1452(f)(3) (emphasis added).

The procedures for removal currently in effect that govern Freddie Mac's removal is 28 U.S.C §§ 1441, 1446. Pursuant to 28 U.S.C. § 1441(a), a civil action may be removed to federal court, by a **defendant**, if the action is founded on a claim or right to which the federal court has original jurisdiction. 28 U.S.C .§ 1441(a) (emphasis added); *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 104-09 (1941) (A Plaintiff cannot remove, even if served with counterclaims). Original jurisdiction exists if the claim involves a federal question, a claim "arising under the Constitution, laws, or treaties of the United States." *Ethridge*, 861 F.2d at 1393 (citing *Metropolitan Life Ins Co. v. Taylor*, 481 U.S. 36, 63 (1987)). When a case is removed, "[t]he federal courts are under an independent obligation to examine their own jurisdiction." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990).

It is the burden of the removing party to demonstrate that removal is proper. *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) ("[i]t is to be presumed that a cause of action lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction."); *see also Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1264, 1265 (9th Cir. 1999).

Additionally, courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985). "Federal jurisdiction must be rejected if there is any doubt as to the right

Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881 5

**STAFNE TRUMBULL, PLLC**
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

of removal in the first instance." *Id.* (citing L*ibhart v. Santa Monica Dairy Co.*, 592 F.2d

1062, 1064 (9th Cir. 1979)). This culminates in a ""strong presumption" against removal . . ."

*Id.* at 566-67.

Consistent with the last clause of 12 U.S.C. § 1452(f)(3), other courts have found 12

U.S.C. 1452(f)(3) does not give Freddie Mac an absolute right to remove when Freddie Mac

does not meet the requirements for removal under 28 U.S.C. § 1446, including meeting the

timing and party requirements. *Ocwen v. Mickna*, 2015 WL 685264 at *2, *6 (W.D. Ark. Feb.

17, 2015); *Freddie Mac v. Shaffer*, 2014 WL 7180777 (N.D. AL. Dec. 16, 2014); *Freddie

Mac v. Amersy*, 2014 WL 1400086 (E.D. MI Apr. 9, 2014).

In *Mickna*, the district court found the legislature did not intend to make Freddie Mac

a super government agency by giving them the ability to remove without following the

procedure set out in 28 U.S.C § 1446. *Mickna*, 2015 WL 685264, *4-5.

In *Shaffer*, Freddie Mac argued "§ 1452(f)(3) grants it unrestrained right, long after it

filed its ejectment action in state court, to remove it to this court, a court that it suddenly

prefers for no articulated reason." *Shaffer*, 2014 WL 7180777, *1. The *Shaffer* Court rejected

this argument: "Freddie Mac is necessarily arguing that Congress has given it startlingly

preferential treatment over all other congressionally created entities, and has endowed it with

rights given to no other governmental entity. Such a loose and casual reading is woefully

inadequate in light of the presumption against removability." *Id.* at *3.

These holdings are consistent with the last provision in 12 U.S.C § 1452(f)(3), which

states Freddie Mac may remove "**by following any procedure for removal of causes in

effect at the time of such removal.**" 12 U.S.C § 1452(f)(3) (emphasis added). Freddie Mac

has not, and cannot, meet its burden in demonstrating removal is proper under 28 U.S.C. §

1446. Freddie Mac cannot remove as the Plaintiff two years after filing a lawsuit and over

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

three months after being served Brown's Answer and counterclaims. This case is exactly like

*Shaffer* when Freddie Mac filed the original action in Whatcom County Superior Court,

undertook significant motions practice, and years later decided for no articulated reason it

would prefer the Federal Court. In sum, remand is appropriate as these removal requirements

must be strictly construed, the case has been ongoing for several years, more than 30 days

have passed since Brown filed and served his counterclaims, and congress did not intend to

make Freddie Mac a super agency.

**B.     Freddie Mac is the Plaintiff and not Entitled to Removal Under 28 U.S.C. §
        1446(a)**

As the **Plaintiff**, Freddie Mac cannot remove this case to federal court. Freddie Mac

chose to sue Brown in Whatcom County Superior Court in 2013 and now, two years later and

after significant motions practice including over 75 docket entries, the Plaintiff is trying to

improperly change forums. Dkt. 1; *see also* Case No. 13-2-028383, Dkt. 2. Freddie Mac's

blatant attempt to recast itself as a "cross-defendant" or "counterclaim defendant" after years

of prosecuting its case against Brown is unavailing. *See, e.g.,* Case No. 13-2-02838-3, Dkt. 1

at 1:23 (Freddie Mac calling itself "Counterclaim Defendant"); Dkt. 6 (Freddie Mac calling

itself "Plaintiff"); Dkt. 75 at 2:18-19 (Freddie Mac calling itself "cross-claim defendant) *but

see id.* at 2:4 (Freddie Mac calling itself "Plaintiff"); As demonstrated by the case caption,

Freddie Mac is not a "cross defendant," it is the Plaintiff. Pursuant to 28 U.S.C. § 1446(a), "**a

defendant or defendants** desiring to remove any civil action from a State court shall file in

the district court of the United States for the district and division within such action is pending

. . . ." (emphases added). The removal statute is clear, "[t]here is no procedure anywhere in

Title 28 for removal by a plaintiff." *Shaffer*, 2014 WL 7180777, *5. Even if a plaintiff faces

counterclaims, the Plaintiff may not remove. V*aden v. Discover Bank*, 556 U.S. 49, 51 (2009)

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

("Under the well-pleaded complaint rule, a completely preempted counterclaim remains a

counterclaim, and thus does not provide a key capable of opening a federal court's door.");

*see also Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc.*, 535 U.S. 826, 826

(2002) ("The well-pleaded-complaint rule does not allow a counterclaim to serve as the basis

for a district court's "arising under" jurisdiction.")

Both the *Amersy and Shaffer* courts remanded because: "allowing Freddie Mac to

remove even when Freddie Mac is the plaintiff renders an absurd result." *Amersy*, 2014 WL

1400086, *3; *see also Shaffer*, 2014 WL 7180777, *4 ("Freddie Mac's proffered

interpretations of §1452(f) would render the statute so "off-the-wall" that the rule against

absurdities is brought to bear.") In *Shaffer*, Freddie Mac started an unlawful detainer action 22

months before removing. *Shaffer*, 2014 WL 71807774, *1.

This Court should remand this matter to Superior Court because, just like in *Amersy*

and *Schaffer*, allowing Freddie Mac to remove this matter destroys the purpose of removal

because it was Freddie Mac who elected to sue Brown in the Superior Court. *See Amersy*,

2014 WL 1400086, *3 ("Removal is therefore reserved for those who did not choose the

forum but rather were haled into a forum of the plaintiff's choosing.") Brown was dragged

into Whatcom County Superior Court against his will as a Defendant to the forum Freddie

Mac chose; simply because things are going poorly for Freddie Mac does not mean that

Freddie Mac may forum shop for better results.

In support of removal, Freddie Mac cites to an *unpublished* 9th Cir. Case, *Mendoza v.

Federal Nat. Mortg. Ass'n*, Nos. 10-56069, 10-56058, 469 Fed. Appx. 544 (9th Cir. 2012).

Freddie Mac cites *Mendoza* for the proposition that *Mendoza* is "functionally identical

procedural[ly]" to this case, and that it is proper for a Freddie Mac, as plaintiff, to remove an

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

action it chose to file in Washington State Superior Court after is has been litigated for two years.

However, in *Mendoza*, Freddie Mac was a defendant in a class action lawsuit as indicated by the complaint attached to the notice of removal used to remove the case to federal court. The Declaration of Emily Harris in Support of Objection to Notice of Removal and Motion to Remand ("Harris Decl."), Ex. A.[3] Because all of the analysis in *Mendoza* relates to Freddie Mac's procedural status as a defendant, it does not apply here when Freddie Mac has been the Plaintiff since commencing this case in Superior Court in 2013. Case no. 13-2-028383, Dkt. 2.

Additionally, the 9th circuit in *Mendoza* stated that prior to dismissal of the unlawful detainer actions, Fannie Mae and Freddie Mac had taken no "actions in state court that manifested their intent to adjudicate these actions in state court or to abandon their rights to a federal forum." *Mendoza*, 469 Fed. Appx. at 546. Here, Freddie Mac took significant actions that show its intent to adjudicate the merits of the case. *See* Case No. 13-2-028383, Dkt. 1 (Freddie Mac's complaint for unlawful detainer), Dkt. 4 (Freddie Mac's Motion for Order to Show Cause), Dkt. 7 (Granting Freddie Mac's Motion for Order to Show Cause), Dkt. 5 (Freddie Mac's Motion for Order Issuing a Writ of Restitution) Dkt. 12 (Freddie Mac's Second Motion for Order Issuing Writ of Restitution), Dkt. 23 (Freddie Mac's response to Superior Court Judge's letter raising questions of fact, law, and requesting additional documents), Dkt. 30 (Order granting Freddie Mac's Motion for Order Issuing Writ of Restitution); Dkt. 37 (Response to Defendant Brown's Motion for Reconsideration), Dkt. 43

---

[3] A copy of the complaint is being provided for the convenience of the Court and can also be accessed through PACER by searching under the United States District Court for the Central District of California, Case No. 2:09-cv-09367-R-PLA, Dkt. 1 (Notice to Federal Court of Removal of Civil Action From State Court Pursuant to 28 U.S.C. §§ 1331 & 1442 and 12 U.S.C. § 4524(f)).

Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881   9

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

(Granting Defendant Brown's Motion for Reconsideration), Dkt. 47 (Freddie Mac's Motion for Summary Judgment).

Finally, in *Mendoza,* the district court, *sua sponte*, remanded the case because of procedural defects in the notice of removal six (6) months after it was filed. *Mendoza* at *1. The *Mendoza* Court held remand was improper because:

> The district court had no authority to remand these cases more than six months after they were removed for reasons other than the lack of subject matter jurisdiction. Under 28 U.S.C. § 1447(c), a motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

469 Fed. Appx. at 545; citing 28 U.S.C. § 1447 (d). The court held, ("[T]he district court cannot remand *sua sponte* for defects in removal procedure.") Here, Brown has properly challenged removal within thirty days based on the procedural defects in Plaintiff Freddie Mac's removal .

## C.    Freddie Mac's removal is untimely Under 28 U.S.C. § 1446(b)(1)

Even assuming *arguendo* Freddie Mac could remove as a Plaintiff, removal in this case is improper because Freddie Mac did not comply with the timing provision of 28 U.S.C. § 1446(b)(1) which states:

> The notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant**, through service or otherwise, of a copy of the initial pleadings setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of summons upon the defendant if such initial pleadings has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1) (emphasis added).

Any reliance by Freddie Mac on 28 U.S.C § 1446(b)(3) is misplaced. Under 28 U.S.C. § 1446(b)(3), if a case is not initially removable then the party has 30 days to remove, once it become removable. However, Freddie Mac also argues they have an absolute right to remove

Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881  10

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

under 12 U.S.C. § 1452(f)(3).[4] If Freddie Mac does have an absolute right to remove then 28

U.S.C. 1446(b)(3) would not apply because the case would have been removable from the

beginning when they filed a complaint in Whatcom County. Freddie Mac's notice of removal

demonstrates a blatant attempt to cherry pick what provisions of 28 U.S.C § 1446 it follows

while ignoring others, much in the same way they are unfairly attempting to change the forum

in this case. *See* Dkt. 1 (Fannie Mae cites to 28 U.S.C. § 1446 for the signature, notice, and

consent requirements and then cites to 12 U.S.C. § 1452(f)(3) for the timing requirement).

Additionally, Freddie Mac did not comply with § 1446(b)(1) when Freddie Mac did

not remove within 30 days after being served with Brown's counterclaims. Freddie Mac was

served with Brown's counterclaims on February 23, 2015 and did not remove until June 4,

2015. *See* Dkt. 1; Case No. 13-2-028383, Dkt. 53.

### D.    The Court should Remand based on Freddie Mac's manipulative tactics and improper forum shopping.

Freddie Mac, unhappy with the results it has obtained in pursuing its case on the

merits, conveniently ignores the extensive motions practice it engaged in at the Superior

Court, including:

- Filing a complaint for unlawful detainer, Case No. 13-2-028383, Dkt. 1;
- Motion for order to show cause, Case No. 13-2-028383 Dkt. 4
- Two Motions for Writ of Restitution,  Case No. 13-2-028383, Dkt. 5, 12
- Supplemental motion in response to superior court's letter,  Case No. 13-2-028383, Dkt. 23
- Response to Motion for reconsideration,  Case No. 13-2-028383, Dkt. 37
- Summary Judgment motion filed after the court converted the case from unlawful detainer to general jurisdiction under Wash Const. art. IV § 6,  Case No. 13-2-028383, Dkt. 47.

Freddie Mac is inappropriately trying to move the forum to this Court after two years of

---

[4] *See* Dkt. 1 at 2:24-25 ("Here, Freddie Mac is a party to this lawsuit, so the action is automatically removable to this Court.")

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

litigating in Superior Court. Federal courts have the discretion to remand in order to prevent a party from manipulating the forum. *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988). In *Carnegie-Mellon*, the U.S. Supreme Court held, "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate." *Id.*

In *Mickna*, the court found Freddie Mac engaged in manipulative tactics by removing after Freddie Mac brought the action in state court as plaintiff: "Improper forum shopping certainly qualifies as a manipulative tactic. This case was properly within the jurisdiction of the State court-the forum Freddie Mac selected-when it was removed. Removal was improper under the circumstances." 2015 WL 685264 at * 5. This reasoning was echoed in *Amersey*, "[i]n addition, giving a plaintiff the opportunity to file in state court and then, when unhappy with the result there, to remove the case to federal court has the potential to encourage improper forum or judge shopping." 2014 WL 1400086, *3.

After filing the unlawful detainer action in Superior Court, Freddie Mac was initially granted a conditional writ of restitution. Case No. 13-2-028383, Dkt. 43 at ¶ 3. Next, the Superior Court rescinded the writ and denied Freddie Mac relief in the unlawful detainer proceeding, and converted the proceeding into a proceeding subject to the court's general subject matter jurisdiction. Case No. 13-2-028383, Dkt. 43 at ¶ 3. The Superior Court stated: "This means that all issues related to the Plaintiff's ownership and/or possession of the premises, and/or the Deed of Trust and Promissory Note pertaining to the premises, will be at issue and subject to the Court's jurisdiction in this matter." Case No. 13-2-028383, Dkt. 43 at ¶ 3. Subsequently, once the case was being heard by the Superior Court subject to its general jurisdiction Freddie Mac filed a summary judgment motion, further evidencing its intent to adjudicate this action in state Court. Case No. 13-2-028383, Dkt. 47. Upon receiving Brown's

Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881  12

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

1   response, which pointed out the Deed of Trust was executed in the name of Whidbey Island

2   Bank two days after Wells Fargo was assigned the Note, Freddie Mac struck its own motion.

3   Burns Decl. Ex. A. Unable to convince the Superior Court of its tenuous legal arguments after

4   several bites at the apple, Freddie Mac filed a Notice of Removal to this Court.

5       This Court should not condone Freddie Mac's manipulative tactics and improper

6   forum shopping.

7
        **E.    Brown is entitled to an award of costs and expenses incurred as a result of the**
8       **removal.**

9       Brown is entitled to an award of just costs and actual expense under 28 U.S.C. §

10   1447(c) because the removal was improper and untimely, and was objectively unreasonably

11   because Freddie Mac is a Plaintiff, who chose Whatcom County as the forum where motions

12   practice has occurred over the last two years, and it is obvious Freddie Mac is improperly

13   forum shopping.

14
                        V.    CONCLUSION
15

16       Freddie Mac is not entitled to removal as Plaintiff and even if it were, Freddie Mac

17   failed to follow the requisite procedures for removal. After receiving unfavorable results in

18   Superior Court, Freddie Mac engaged in manipulative forum shopping. This Court should not

19   countenance Freddie Mac's litigation tactics and should award Brown cost and expenses

20   incurred in defending Freddie Mac's improper removal. Brown respectfully requests this

21   Court remand this action back to Superior Court for adjudication.

22
23   ///

24   ///

25   ///

26   ///

Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881  13

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

1    Dated this 18th day of June, 2015 at Arlington, Washington.

2

3                                                    Respectfully Submitted By:

4                                                    STAFNE TRUMBULL, PLLC

5

6

7                                            Joshua B. Trumbull, WSBA# 40992
                                             Emily A. Harris, WSBA# 46571
8                                            Brian J. Fisher, WSBA# 46495
                                             Matthew K. Link, WSBA# 46659
9                                            Attorneys for Robert Brown

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881  14

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

## CERTIFICATE OF SERVICE

     I, Ashley Burns, certify under penalty of perjury under the laws of the United States of America that on this 18th day of June, 2015 I electronically filed the foregoing Objection to Notice of Removal and Motion to Remand with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the registered users of the CM/ECF system in this action

DATED this 18th day of June, 2015 at Arlington, Washington.

                                    Ashley Burns
                                      Paralegal
                           Stafne Trumbull, PLLC

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005