**THE HONORABLE JUDGE RICARDO S. MARTINEZ**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, JANE DOE and all Occupants of the Premises located at 8361 Seabreeze Court, Blaine WA 98230,<br>Defendants. | CASE NO. 2:15-cv-00881<br><br>DECLARATION OF EMILY HARRIS IN SUPPORT OF OBJECTION TO NOTICE OF REMOVAL AND MOTION TO REMAND<br><br>NOTE ON MOTION CALENDAR: FRIDAY, JULY 10, 2015 |
| ROBERT BROWN, an individual,<br><br>Third-Party Plaintiff,<br><br>v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation; RCO LEGAL, P.S., a Washington Professional Services Organization; WELLS FARGO BANK, N.A.,<br><br>Third-Party Defendants. | |

I, Emily Harris, hereby declare as follows:

1.    I am over the age of eighteen (18) and competent to testify. I make this declaration on the basis of personal knowledge.

2.    I am an attorney licensed to practice in Washington and I represent the Defendant and Third Party Plaintiff in the above captioned case.

Declaration of Emily Harris Case No. 2:15-cv-00881  1

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

1  3.  Attached as Exhibit A is a true and correct copy of the Notice to Federal Court of

2  Removal of Civil Action From State Court Pursuant to 28 U.S.C. §§§ 1331 & 1442 and 12

3  U.S.C. § 1452(f) filed in United States District Court Central District of California *Mendoza*

4  *v. Federal Nat. Mortg. Ass'n*, Nos. 10-56069, 10-56058 (9th Cir. 2012).

5

6  I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct.

8

9  Dated this 18th day of June, 2015 at Arlington, Washington.

10

11

12  Emily A. Harris, WSBA# 46571

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Declaration of Emily Harris Case No. 2:15-cv-00881  2

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 IFAX 360.386.4005

**CERTIFICATE OF SERVICE**

I, Ashley Burns, certify under penalty of perjury under the laws of the United States of America that on this 18th day of June, 2015 I electronically filed the foregoing Declaration of Emily Harris in Support of Objection to Notice of Removal and Motion to Remand with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the registered users of the CM/ECF system in this action

DATED this 18th day of June, 2015 at Arlington, Washington.

Ashley Burns
Paralegal
Stafne Trumbull, PLLC

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Exhibit A

1  Irwin S. Evans, Esq. , SBN: 037896 ( irwin_evans@gshllp.com)
2  Kenneth M. Jones, Esq. SBN: 140358 ( kenneth_jones@gshllp.com)
   GONZALEZ SAGGIO & HARLAN LLP
3  3699 Wilshire Boulevard, Suite 890
   Los Angeles, California 90010
4  Telephone (213) 487-1400; Facsimile (213) 487-1402

5  Attorneys for Defendant, FEDERAL HOME LOAN MORTGAGE CORP.

6  Brian P. Brooks, Esq., SBN: 172151 (bbrooks@omm.com)
7  Elizabeth C. Lemond, SBN: 216690 (elemond@omm.com)
   O'MELVENY & MYERS, LLP
8  610 Newport Center Drive, 17th Floor
   Newport Beach, California 92660-6429
9  Telephone (213) 430-6000; Facsimile (213) 430-6407

10 Attorneys for Defendant, FEDERAL NATIONAL MORTGAGE ASO.

11                  UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14 JULIA ORELLANA, an individual,          **CV09  09367 : R PLA**
15 MARIA DE LA PAZ CRUZ, an individual,    Case No.:
   ARTHUR CRUZ, an individual, AGRIPINO
16 BALDERAS, an individual, JOSE           **NOTICE TO FEDERAL COURT OF**
   MENDOZA, an individual, ANA             **REMOVAL OF CIVIL ACTION**
17 GONZALEZ, an individual, MARGARET       **FROM STATE COURT PURSUANT**
   DOZIER, an individual, ANTHONY CRUZ,    **TO 28 U.S.C. §§ §1331 & 1442 and 12**
18 an individual; ALL OTHERS SIMILARLY     **U.S.C. §1452(f)**
   SITUATED,
19
               Plaintiffs,
20
          v.
21
   DEUTSCHE BANK NATIONAL TRUST            Action Filed:
22 COMPANY; ONEWEST BANK; BANK OF
   AMERICA; CITIBANK; FEDERAL             Service Date:
23 NATIONAL MORTGAGE ASSOCIATION;
   U.S. BANCORP; BANK OF NEW YORK
24 MELLON; FEDERAL HOME LOAN
   MORTGAGE CORPORATION; DOES 1
25 through 10,000, inclusive,

26             Defendants.

27

28

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

2009 DEC 22 AM 11:06

BY

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO
2   PLAINTIFF AND HER ATTORNEY OF RECORD HEREIN:
3       Pursuant to 28 U.S.C. §1331 & 1442, and 12 U.S.C. §1452(f), Defendants
4   Federal Home Loan Mortgage Corporation ("Freddie Mac") and Federal National
5   Mortgage Association ("Fannie Mae") hereby give notice of removal of this action
6   from the Superior Court of the State of California for the County of Los Angeles,
7   where it is pending, to the United States District Court for the Central District of
8   California. As grounds for this removal, Freddie Mac and Fannie Mae show unto the
9   Court the following:
10      1.   The Plaintiffs, JULIA ORELLANA, an individual, MARIA DE LA
11  PAZ CRUS, an individual, ARTHUR CRUZ, an individual, AGRIPINO
12  BALDERAS, an individual, JOSE MENDOZA, an individual, ANA GONZALEZ,
13  an individual, MARGARET DOZIER, an individual, ANTHONY CRUZ, an
14  individual; ALL OTHERS SIMILARLY SITUATED commenced this action
15  against Freddie Mac, Fannie Mae and others in the Superior Court of the State of
16  California for the County of Los Angeles, on or about November 20, 2009.
17  Plaintiff's Complaint purports to allege various causes of action against Freddie
18  Mac, Fannie Mae and others in connection with the sale of certain properties in Los
    Angeles, California.
19      2.   Fannie Mae was served with a copy of the Class Action Complaint on
20  November 30, 2009. Freddie Mac was served a copy of the Class Action Complaint
21  on December 2, 2009. This Notice of Removal is timely because it is filed (a) within
22  thirty (30) days after Fannie Mae and Freddie Mac were served with the Class
23  Action Complaint (28 U.S.C. §1446(b)), and/or (b) before trial of this action (12
24  U.S.C. §1452(f)(3)).
25      3.   This Court's jurisdiction over this action is based upon 12 U.S.C.
26  §1452(0)(1)&(2) (Freddie Mac) and 12 U.S.C. §1723a(a) (Fannie Mae).
    ///
27  ///
28

1

**FREDDIE MAC CHARTER ACT**

2     4.    Freddie Mac is a United States corporation chartered by an Act of

3 Congress organized and existing under the Federal Home Loan Mortgage

4 Corporation Act, 12 U.S.C. §1451, et seq., with its principal place of business

5 located in McLean, Virginia.

6     5.    12 U.S.C. §1452(0)(1) provides that Freddie Mac "shall be deemed to

7 be an agency included in sections 1345 and 1442 of such Title 28." Section 1452(f)

8 of Title 12 further provides, in pertinent part, that any civil action in a state court to

9 which Freddie Mac is a party may, at any time before trial, be removed to the United

10 States District Court embracing the place where the action is pending. 12 U.S.C.

§1452(f)(3).

11     6.    28 U.S.C. §1442(a) does not require Freddie Mac to notify or obtain the

12 consent of any other defendant in this action in order to remove the entire case to

13 federal court. See 28 U.S.C. 1442(a); Durham v. Lockheed Martin Corp., 445 F.3d

14 1247, 1253 (9th Cir. 2006) (stating that "[w]hereas all defendants must consent to

15 removal under section 1441..., a federal officer or agency defendant can unilaterally

16 remove a case under section1442...") (citations omitted); Ely Valley Mines, Inc. V.

17 Hartford Accident & Indemnity Co., 644 F. 2d 1310, 1315 (9th Cir. 1981) (stating

18 that "§1442 represents an exception to the general rule (under §§1441 and 1446) that

19 all defendants must join in the removal petition").

20     7.    Freddie Mac is a party to the State Court Action as referenced above,

21 and no trial of the action has yet taken place. The United States District Court,

22 Central District of California is the federal judicial district and division embracing

23 the Superior Court of the State of California for the County of Los Angeles where

24 this action was originally filed. See 28 U.S.C. §84(c)(2). Freddie Mac is therefore

entitled to remove that action to this Court.

25 /// 

26 /// 

27 /// 

28

## FANNIE MAE CHARTER ACT

8.    Fannie Mae Charter Act is a United States corporation chartered by an Act of Congress organized and existing pursuant to its Charter Act, 12 U.S.C. §§1716, et seq., with its principal place of business located in Washington, D.C.

9. 12 U.S.C. §1723a(a) provides that Fannie Mae "shall have power . . . in its corporate name, to sue and be sued, and to complain and defend, in any court of competent jurisdiction, State or Federal . . . . " Interpreting nearly identical statutory language, the Supreme Court has held that such a federal charter authorizes removal to federal court.  See American Nat'l Red Cross v. S.G., 505 U.S. 247, 255, 257 (1992).

10.    The U.S. Court of Appeals for the D.C. Circuit, along with other federal courts, has expressly held that Fannie Mae's Charter Act confers federal subject-matter jurisdiction and authorizes Fannie Mae to remove civil actions to federal court.  See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Raines, 534 F.3d 779, 787-88 (D.C. Cir. 2008); In re Fannie Mae 2008 Securities Litig., 2009 U.S. Dist. LEXIS 109888, at 11-12 (S.D.N.Y. Nov. 24, 2009).

11.    All other defendants that have been served with process consent to the removal of this action.  Copies of duly executed consents are attached hereto as Exhibit A.

### VENUE

12.    Venue for removal is proper in this district and division under 28 U.S.C. §1441(a) because this district embraces the Superior Court of the State of California for Los Angeles County, the forum in which the removed action was pending.

### NOTICE

13.    Attached hereto as Exhibit B, and incorporated by reference herein, are copies of all records and proceedings from the State Court Action in the Superior Court of the State of California for the County of Los Angeles.

/ / /

14. Concurrently with the filing of this Notice of Removal, by means of the Notice of Filing of Notice of Removal filed in the State Court Action and attached hereto as Exhibit C, Freddie Mac is giving written notice to all known parties, and to the Clerk of the Superior Court of the State of California for the County of Los Angeles, of (i) this removal; (ii) the fact that this case is to be docketed in this Court; and (iii) that this Court shall hereafter be entitled to grant all relief to Freddie Mac as is proper under the circumstances, all in accordance with 12 U.S.C. §1452 and such local rules as may be applicable.

15. Attached hereto as Exhibit B are copies of all state court pleadings with which Freddie Mac or Fannie Mae has been served in this matter.

Respectfully submitted, this 21st day of December, 2009.

GONZALEZ SAGGIO & HARLAN LLP
Attorneys for Defendants,
Federal Home Loan Mortgage Corporation

By: _____
IRWIN S. EVANS
KENNETH M. JONES


O'MELVENY & MYERS, LLP
Attorneys for Defendants,
Federal National Mortgage Association

By: _____
BRIAN P. BROOKS
ELIZABETH C. LEMOND

# EXHIBIT

# "A"

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND (State Bar No. 83013)
LISA M. SIMONETTI  (State Bar No. 165996)
ERIC Y. HWANG (State Bar No. 258966)
2029 Century Park East, Suite 1800
Los Angeles, California  90067-3086
Telephone:  310-556-5800
Facsimile:  310-556-5959
Email:  lacalendar@stroock.com

Attorneys for Defendant
    CITIBANK, N.A.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JULIA ORELLANA, an individual, MARIA DE LA PAZ CRUZ, an individual, ARTHUR CRUZ, an individual, AGRIPINO BALDERAS, an individual, JOSE MENDOZA, an individual, ANA GONZALEZ, an individual, MARGARET DOZIER, an individual, ANTHONY CRUZ, and individual; ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> vs. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY; ONEWEST BANK; BANK OF AMERICA; CITIBANK; FEDERAL NATIONAL MORTGAGE ASSOCIATION; U.S. BANCORP; BANK OF NEW YORK MELLON; FEDERAL HOME LOAN MORTGAGE CORPORATION; DOES 1 through 10,000 inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: |

## CONSENT TO REMOVAL

COMES NOW Defendant Citibank, N.A. and, by and through undersigned counsel,

hereby expressly consents to the removal of this action by Defendants Federal Home Loan

Mortgage Corporation and Federal National Mortgage Association to this Court from the

Superior Court of the State of California for the County of Los Angeles.

Respectfully submitted,

Dated: December 21, 2009

STROOCK & STROOCK & LAVAN LLP
JULIA B. STRICKLAND
LISA M. SIMONETTI
ERIC Y. HWANG

By: _____ /with permission EYH

Lisa M. Simonetti

Attorneys for Defendant
CITIBANK, N.A.



1   BROOKS R. BROWN (SBN 250724)
    bbrown@goodwinprocter.com
2   CRISTINE C. REYNAERT (SBN 240476)
    creynaert@goodwinprocter.com
3   GOODWIN PROCTER LLP
    10250 Constellation Blvd.
4   Los Angeles, California  90067
    Tel.: 310.788.5100
5   Fax:  310.286.0992

6   Attorneys for Defendants:
    Bank of America, N.A. and Bank of New
7   York Mellon Corporation

8

9                   UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12   JULIA ORELLANA, an individual;          Case No.
     MARIA DE LA PAZ CRUZ, an
13   individual; ARTHUR CRUZ, an             CONSENT TO REMOVAL
     individual; AGRIPINO BALDERAS, an
14   individual; JOSE MENDOZA, an
     individual; ANA GONZALEZ, an
15   individual; MARGARET DOZIER, an
     individual; ANTHONY CRUZ, and
16   individual; ALL OTHERS SIMILARLY
     SITUATED,
17
               Plaintiffs,
18
19         v.

20   DEUTSCHE BANK NATIONAL
     TRUST COMPANY; ONEWEST
21   BANK; BANK OF AMERICA;
     CITIBANK; FEDERAL NATIONAL
22   MORTGAGE ASSOCIATION; U.S.
     BANCORP; BANK OF NEW YORK
23   MELLON; FEDERAL HOME LOAN
     MORTGAGE CORPORATION; DOES
24   1 through 10,000 inclusive,

25             Defendants.

26

27

28

Goodwin Procter LLP
10250 Constellation Blvd.
Los Angeles, California 90067

1    COME NOW defendants Bank of America, N.A. and Bank of New York

2 Mellon Corporation, by and through undersigned counsel, hereby expressly consent

3 to the removal of this action by defendants Federal Home Loan Mortgage

4 Corporation and Federal National Mortgage Association to this Court from the

5 Superior Court of the State of California for the County of Los Angeles.

6

7                                         Respectfully submitted,

8 Dated:   December 21, 2009          By:    /S/ Brooks R. Brown

9                                             BROOKS R. BROWN
                                              bbrown@goodwinprocter.com
10                                            CRISTINE C. REYNAERT
                                              creynaert@goodwinprocter.com
11                                            GOODWIN PROCTER LLP
                                              10250 Constellation Blvd.
12                                            Los Angeles, California  90067
                                              Tel.: 310.788.5100
13                                            Fax: 310.286.0992

14                                            Attorneys for Defendants:
                                              Bank of America, N.A. and Bank of New
15                                            York Mellon Corporation

16

17

18

19

20

21

22

23

24

25

26

27

28

Goodwin Procter LLP
10250 Constellation Blvd.
Los Angeles, California 90067

1  MORGAN, LEWIS & BOCKIUS LLP
   ELIZABETH A. FROHLICH, State Bar No. 195454
2  SHEILA A. JAMBEKAR, State Bar No. 239101
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001
   email:   efrohlich@morganlewis.com
5            sjambekar@morganlewis.com

6  Attorneys for Defendant
   Deutsche Bank National Trust Company
7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10 JULIA ORELLANA, an individual,          Case No.
   MARIA DE LA PAZ CRUZ, an
11 individual, ARTHUR CRUZ, an             **CONSENT TO REMOVAL**
   individual, AGRIPINO BALDERAS,
12 an individual, JOSE MENDOZA, an
   individual, ANA GONZALEZ, an
13 individual, MARGARET DOZIER, an
   individual, ANTHONY CRUZ, and
14 individual; ALL OTHERS
   SIMILARLY SITUATED,
15
                     Plaintiffs,
16
          vs.
17
   DEUTSCHE BANK NATIONAL
18 TRUST COMPANY; ONEWEST
   BANK; BANK OF AMERICA;
19 CITIBANK; FEDERAL NATIONAL
   MORTGAGE ASSOCIATION; U.S.
20 BANCORP; BANK OF NEW YORK
   MELLON; FEDERAL HOME LOAN
21 MORTGAGE CORPORATION;
   DOES 1 through 10,000 inclusive,
22
                     Defendants.
23

24

25        COMES NOW Defendant Deutsche Bank National Trust Company and, by

26 and through undersigned counsel, hereby expressly consents to the removal of this

27 action by Defendants Federal Home Loan Mortgage Corporation and Federal

28 National Mortgage Association to this Court from the Superior Court of the State of

1   California for the County of Los Angeles.[1]

2

3

4   Dated:    December **21** , 2009          MORGAN, LEWIS & BOCKIUS LLP

5

6                                  By _Elizabeth A. Fröhlich_

7                                     Elizabeth A. Fröhlich
                                      Attorneys for Defendant
8                                     Deutsche Bank National Trust
                                      Company

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27   [1]    Plaintiffs' allegations relate solely to Deutsche Bank National Trust Company in its
28   capacity as trustee of specific trusts.  To the extent Plaintiff seeks to assert claims against
     Defendant in other capacities, this Consent to Removal applies to those claims, as well.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## CONSENT TO REMOVAL

COMES NOW Defendant OneWest Bank, FSB and, by and through undersigned counsel, hereby expressly consents to the removal of this action by Defendants Federal Home Loan Mortgage Corporation and Federal National Mortgage Association to the United States District Court for the Central District of California from the Superior Court of the State of California in and for the County of Los Angeles.

Dated: December 21, 2009

DYKEMA GOSSETT LLP

By: _____
Fredrick S. Levin
Attorneys for Defendants
OneWest Bank, FSB

1  JUAN C. BASOMBRIO (SBN 150703)
   DORSEY & WHITNEY LLP
2  38 Technology Drive, Suite 100
   Irvine, CA 92618-5312
3  Telephone: (949) 932-3600
   Facsimile: (949) 932-3601
4  Email: basombrio.juan@dorsey.com

5  Attorneys for Defendant
   U.S. BANCORP
6

7              UNITED STATES DISTRICT COURT

8            CENTRAL DISTRICT OF CALIFORNIA

9  JULIA ORELLANA, an individual,        )
   MARIA DE LA PAZ CRUZ, an individual,  )
10 ARTHUR CRUZ, an individual,           )
   AGRIPINO BALDERAS, an individual,     )
11 JOSE MENDOZA, an individual,          )
   ANA GONZALEZ, an individual,          )
12 MARGARET DOZIER, an individual,       )
   ANTHONY CRUZ, and individual;         )
13 ALL OTHERS SIMILARLY SITUATED,        )
14            Plaintiffs,                )
                                         )
15                                       )   CASE NO:
        vs.                              )
16                                       )
   DEUTSCHE BANK NATIONAL TRUST          )
17 COMPANY; ONEWEST BANK; BANK OF        )
   AMERICA; CITIBANK; FEDERAL            )
18 N A T I O N A L   M O R T G A G E     )
   ASSOCIATION; U.S. BANCORP; BANK OF    )
19 NEW YORK MELLON; FEDERAL              )
   HOME LOAN MORTGAGE                    )
20 CORPORATION; DOES 1 through           )
   10,000 inclusive,                     )
21                                       )
            Defendants.                  )
22                                       )
                                         )
23                                       )

24

25

26

27

28

1

## U.S. BANCORP'S CONSENT TO REMOVAL.

2      COMES NOW Defendant U.S. Bancorp and, by and through undersigned counsel, hereby

3  expressly consents to the removal of this action by Defendants Federal Home Loan Mortgage

4  Corporation and Federal National Mortgage Association to this Court from the Superior Court of the

5  State of California for the County of Los Angeles.

6        Dated: December 21, 2009         Respectfully submitted,

7

8                    By _Juan Basombrio_ by KV

9                    Juan C. Basombrio

10                  Dorsey & Whitney LLP
                      38 Technology Drive, Suite 100

11                  Irvine, California 92618
                      Telephone (949) 932-3650

12                  Facsimile (949) 932-3601
                      Email: basombrio.juan@dorsey.com

13                  Attorneys for Defendant
                      U.S. BANCORP

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# "B"

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>DANIEL J. BRAMZON,ESQ<br>BASTA, INC<br>2500 WILSHIRE BLVD., SUITE 1111<br>LOS ANGELES,CA 90057<br>TELEPHONE NO.: (213) 736-5050     FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | FOR COURT USE ONLY<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>NOV 3 0 2009<br><br>JOHN A. CLARKE, CLERK<br><br>BY RAUL SANCHEZ, DEPUTY |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES,CA 90012
BRANCH NAME: CENTRAL

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al.<br><br>DEFENDANT/RESPONDENT: DEUTSCHE BANK NATIONAL TRUST CO et,al | CASE NUMBER:<br>BC426638 |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dept 311 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☑ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   DEUTSCHE BANK NATIONAL TRUST COMPANY

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   BARBARA CAMPBELL ( V.P.)

4. Address where the party was served:
   1761 E. ST. ANDREWS PLACE, SANTA ANA,CA 92705
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11-27-09     (2) at *(time):* 1:16 PM
   b. ☐ **by substituted service.** On *(date):*     at *(time):*     I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*     from *(city):*     or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: DEUTSCHE BANK NATIONAL TRUST CO et,a | BC426638 |

5.  c. ☐   **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

 (1) on *(date):*              (2) from *(city):*

 (3) ☐   with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

 (4) ☐   to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

 d. ☐   **by other means** *(specify means of service and authorizing code section):*

 ☐   Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
 a. ☐   as an individual defendant.
 b. ☐   as the person sued under the fictitious name of *(specify):*
 c. ☐   as occupant.
 d. ☑   On behalf of *(specify):*  DEUTSCHE BANK
 under the following Code of Civil Procedure section:

 ☐ 416.10 (corporation)            ☑ 415.95 (business organization, form unknown)
 ☐ 416.20 (defunct corporation)      ☐ 416.60 (minor)
 ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
 ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
 ☑ 416.50 (public entity)           ☐ 415.46 (occupant)
                           ☐ other:

7.  **Person who served papers**
 a. Name: KEITH WILLIAMS
 b. Address: 3553 ATLANTIC AVENUE # 592, LONG BEACH,CA  90807
 c. Telephone number: 323-251-9556
 d. The fee for service was: $ 65
 e. I am:
 (1) ☐   not a registered California process server.
 (2) ☐   exempt from registration under Business and Professions Code section 22350(b).
 (3) ☑   a registered California process server.
 (i) ☐ owner  ☐ employee  ☑ independent contractor.
 (ii) Registration No.: 6368
 (iii) County: LOS ANGELES

8.  ☑   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

 *or*

9.  ☐   I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11-30-09

KEITH WILLIAMS
   (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR  MARSHAL)                            (SIGNATURE )

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

DANIEL J. BRAMZON, ESQ
BASTA, INC
2500 WILSHIRE BLVD., SUITE 1111
LOS ANGELES, CA 90057
TELEPHONE NO.: (213) 736-5050          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 8 0 2009

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: JULIA ORELLANA, et al.

DEFENDANT/RESPONDENT: ONE WEST BANK

| | CASE NUMBER: |
|---|---|
| **PROOF OF SERVICE OF SUMMONS** | BC426638 |
| | Ref. No. or File No.: DepT 311 |

*(Separate proof of service is required for each party served.)*

1.  At the time of service I was at least 18 years of age and not a party to this action.
2.  I served copies of:
    a.  [✓] summons
    b.  [✓] complaint
    c.  [✓] Alternative Dispute Resolution (ADR) package
    d.  [✓] Civil Case Cover Sheet *(served in complex cases only)*
    e.  [ ] cross-complaint
    f.  [ ] other *(specify documents):*

3.  a.  Party served *(specify name of party as shown on documents served):*
        ONE WEST BANK

    b.  [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
        GABRIEL LOPEZ (BRANCH MANAGER)

4.  Address where the party was served:
    888 EAST WALNUT STREET, PASADENA, CA 91101
5.  I served the party *(check proper box)*
    a.  [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11-28-09          (2) at *(time):* 12:26 PM
    b.  [ ] **by substituted service.** On *(date):*                     at *(time):*                I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

        (1)  [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

        (2)  [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

        (3)  [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

        (4)  [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*                from *(city):*                     or  [ ] a declaration of mailing is attached.

        (5)  [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ONE WEST BANK | BC426638 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date):*  (2) from *(city):*

  (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

  (4) ☐  to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

 d. ☐  **by other means** *(specify means of service and authorizing code section):*

☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐  as an individual defendant.
  b. ☐  as the person sued under the fictitious name of *(specify):*
  c. ☐  as occupant.
  d. ☑  On behalf of *(specify):*  ONEWEST BANK
    under the following Code of Civil Procedure section:

|  |  |
|---|---|
| ☐ 416.10 (corporation) | ☑ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☑ 416.50 (public entity) | ☐ 415.46 (occupant) |
|  | ☐ other: |

7.  **Person who served papers**
  a.  Name:  KEITH WILLIAMS
  b.  Address: 3553 ATLANTIC AVENUE # 592, LONG BEACH, CA  90807
  c.  Telephone number: 323-251-9556
  d.  The fee for service was: $ 65
  e.  I am:

  (1) ☐  not a registered California process server.
  (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
  (3) ☑  a registered California process server:
    (i) ☐ owner  ☐ employee  ☑ independent contractor.
    (ii)  Registration No.: 6368
    (iii)  County:  LOS ANGELES

8. ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11-30-09

KEITH WILLIAMS
_____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶  _____
(SIGNATURE)

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>DANIEL J. BRAMZON, ESQ<br>BASTA, INC<br>2500 WILSHIRE BLVD., SUITE 1111<br>LOS ANGELES, CA 90057<br>TELEPHONE NO.: (213) 736-5050 FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **FOR COURT USE ONLY**<br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>NOV 3 0 2009<br><br>JOHN A. CLARKE, CLERK<br>BY PAUL SANCHEZ, DEPUTY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 111 N. HILL STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: LOS ANGELES, CA 90012<br>BRANCH NAME: CENTRAL |

| | |
|---|---|
| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al.<br><br>DEFENDANT/RESPONDENT: CITIBANK | CASE NUMBER:<br>BC426638 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dept 311 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   **CITIBANK**

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Cindy Schmidt ( Manager )

4. Address where the party was served:
   2250 N. Bellflower Blvd, Long Beach, CA 90815

5. I served the party *(check proper box)*
   a. [✓] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11-30-09    (2) at *(time):* 10:21 AM

   b. [ ] **by substituted service.** On *(date):*         at *(time):*         I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*         from *(city):*         or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
American LegalNet, Inc.

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITIBANK | BC426638 |

5. c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) [ ] to an address outside California with return receipt requested.  (Code Civ. Proc., § 415.40.)

  d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [ ] as an individual defendant.
  b. [ ] as the person sued under the fictitious name of *(specify):*
  c. [ ] as occupant.
  d. [✓] On behalf of *(specify):*  CITIBANK
    under the following Code of Civil Procedure section:

    [ ] 416.10 (corporation)          [✓] 415.95 (business organization, form unknown)
    [ ] 416.20 (defunct corporation)      [ ] 416.60 (minor)
    [ ] 416.30 (joint stock company/association)  [ ] 416.70 (ward or conservatee)
    [ ] 416.40 (association or partnership)   [ ] 416.90 (authorized person)
    [✓] 416.50 (public entity)           [ ] 415.46 (occupant)
                                [ ] other:

7. **Person who served papers**
  a. Name: KEITH WILLIAMS
  b. Address: 3553 ATLANTIC AVENUE # 592, LONG BEACH, CA  90807
  c. Telephone number: 323-251-9556
  d. The fee for service was: $ 65
  e. I am:

    (1) [ ] not a registered California process server.
    (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [✓] a registered California process server:
      (i) [ ] owner [ ] employee [✓] independent contractor.
      (ii) Registration No.: 6368
      (iii) County: LOS ANGELES

8. [✓] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11-30-09

KEITH WILLIAMS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*
(SIGNATURE)

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DANIEL J. BRAMZON, ESQ<br>BASTA, INC<br>2500 WILSHIRE BLVD., SUITE 1111<br>LOS ANGELES, CA 90057<br>TELEPHONE NO: (213) 736-5050   FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **FILED**<br>LOS ANGELES SUPERIOR COURT<br>NOV 3 0 2009<br>JOHN A. CLARKE, CLERK<br>BY RAUL SANCHEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITIBANK | BC426638 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dept 311 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✓ summons
   b. ✓ complaint
   c. ✓ Alternative Dispute Resolution (ADR) package
   d. ✓ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   CITIBANK

   b. ✓ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   LINA DUBON (BRANCH MANAGER)   kw.

4. Address where the party was served:
   4500 ATLANTIC AVE, LONG BEACH, CA 90817
5. I served the party *(check proper box)*
   a. ✓ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11-30-09   (2) at *(time):* 10:00 AM   kw
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

**PROOF OF SERVICE OF SUMMONS**   Page 1 of 2<br>Code of Civil Procedure, § 417.10

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CITIBANK | BC426638 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

   (1) on *(date)*:           (2) from *(city)*:

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section)*:

     ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify)*: CITIBANK
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)         ☑ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)    ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)
    ☑ 416.50 (public entity)          ☐ 415.46 (occupant)
                          ☐ other:

7. **Person who served papers**
  a. Name: KEITH WILLIAMS
  b. Address: 3553 ATLANTIC AVENUE # 592, LONG BEACH, CA 90807
  c. Telephone number: 323-251-9556
  d. The fee for service was: $ 65
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (I) ☐ owner ☐ employee ☑ independent contractor.
      (II) Registration No.: 6368
      (III) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
   **or**
9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11-30-09

KEITH WILLIAMS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ *(signature)*     (SIGNATURE )

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| DANIEL J. BRAMZON,ESQ<br>BASTA, INC<br>2500 WILSHIRE BLVD., SUITE 1111<br>LOS ANGELES,CA 90057<br>TELEPHONE NO.: (213) 736-5050    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* | **FILED**<br>LOS ANGELES SUPERIOR COURT<br>NOV 3 0 2009<br>JOHN A. CLARKE, CLERK<br>BY RAUL SANCHEZ, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES,CA 90012
BRANCH NAME: CENTRAL

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FEDERAL NATIONAL MORTGAGE, et al | BC426638 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Dept 311 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [✓] summons
   b. [✓] complaint
   c. [✓] Alternative Dispute Resolution (ADR) package
   d. [✓] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   FEDERAL NATIONAL MORTGAGE ASSOCIATION ( FANNIE MAE)

   b. [✓] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   Ms. Sandy Friedman (Agent for Service)

4. Address where the party was served:
   135 NORTH LOS ROBLES AVE SUITE 30, PASADEDA CA 91101

5. I served the party *(check proper box)*
   a. [✓] by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11-30-09    (2) at *(time):* 1:55pm
   b. [ ] by substituted service. On *(date):*    at *(time):*    I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*    from *(city):*    or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: FEDERAL NATIONAL MORTGAGE, et al | BC426638 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on (date):                          (2) from (city):

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify):*
  c. ☐ as occupant.
  d. ☑ On behalf of *(specify):* FEDERAL NATIONAL MORTGAGE ASSOCIATION
    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☑ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☑ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: KEITH WILLIAMS
  b. Address: 3553 ATLANTIC AVENUE # 592, LONG BEACH, CA 90807
  c. Telephone number: 323-251-9556
  d. The fee for service was: $ 65
  e. I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server.
      (i) ☐ owner ☐ employee ☑ independent contractor.
      (ii) Registration No.: 6368
      (iii) County: LOS ANGELES

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11-30-09

KEITH WILLIAMS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ _(signature)_

    (SIGNATURE )

**POS-010**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
DANIEL J. BRAMZON, ESQ
BASTA, INC
2500 WILSHIRE BLVD., SUITE 1111
LOS ANGELES, CA 90057
TELEPHONE NO.: (213) 736-5050     FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**FILED**
LOS ANGELES SUPERIOR COURT

NOV 3 0 2009

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: JULIA ORELLANA, et al.

DEFENDANT/RESPONDENT: U.S. BANCORP

CASE NUMBER:
BC426638

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
Dept 311

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✓ summons
   b. ✓ complaint
   c. ✓ Alternative Dispute Resolution (ADR) package
   d. ✓ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
      U.S. BANCORP

   b. ✓ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      BJOHN FLOR     : AGENT FOR SERVICE)

4. Address where the party was served:
   818 W. 7TH STREET, LOS ANGELES, CA 90017
5. I served the party *(check proper box)*
   a. ✓ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11-30-09   (2) at *(time):* 12:34 pm
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: U.S. BANCORP | BC426638 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

    d.  ☐  **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

    a.  ☐  as an individual defendant.

    b.  ☐  as the person sued under the fictitious name of *(specify):*

    c.  ☐  as occupant.

    d.  ☑  On behalf of *(specify):*  U.S. BANCORP

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)          ☑ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)     ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)   ☐ 416.90 (authorized person)

    ☑ 416.50 (public entity)           ☐ 415.46 (occupant)

    ☐ other:

7.  **Person who served papers**

    a.  Name: KEITH WILLIAMS

    b.  Address: 3553 ATLANTIC AVENUE # 592, LONG BEACH, CA  90807

    c.  Telephone number: 323-251-9556

    d.  The fee for service was: $ 65

    e.  I am:

        (1) ☐ not a registered California process server.

        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

        (3) ☑ a registered California process server:

            (i) ☐ owner ☐ employee ☑ independent contractor.

            (ii) Registration No.: 6368

            (iii) County: LOS ANGELES

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11-30-09

KEITH WILLIAMS
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)     ▶     *(SIGNATURE)*

**FILED**  POS-010

LOS ANGELES SUPERIOR COURT

NOV 3 0 2009

JOHN A. CLARKE, CLERK

BY RAUL SANCHEZ, DEPUTY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
DANIEL J. BRAMZON, ESQ
BASTA, INC
2500 WILSHIRE BLVD., SUITE 1111
LOS ANGELES, CA 90057
TELEPHONE NO.: (213) 736-5050   FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES, CA 90012
BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: JULIA ORELLANA, et al.

DEFENDANT/RESPONDENT: BANK OF AMERICA

PROOF OF SERVICE OF SUMMONS

CASE NUMBER:
BC426638

Ref. No. or File No.:
Dept 311

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ✓ summons
   b. ✓ complaint
   c. ✓ Alternative Dispute Resolution (ADR) package
   d. ✓ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☐ other *(specify documents):*

3. a. Party served *(specify name of party as shown on documents served):*
   BANK OF AMERICA

   b. ✓ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   BJORN FIOR   (AGENT FOR SERVICE)

4. Address where the party was served:
   818 W 7TH STREET, LOS ANGELES, CA 90017
5. I served the party *(check proper box)*
   a. ✓ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* 11-30-09 (2) at *(time):* 12:20 pm
   b. ☐ **by substituted service.** On *(date):*   at *(time):*   I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*   from *(city):*   or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: BANK OF AMERICA | BC426638 |

5.  c. ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):*           (2) from *(city):*

   (3) ☐  with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

   (4) ☐  to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

   d. ☐  **by other means** *(specify means of service and authorizing code section):*

   ☐  Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐  as an individual defendant.
   b. ☐  as the person sued under the fictitious name of *(specify):*
   c. ☐  as occupant.
   d. ☑  On behalf of *(specify):*  BANK OF AMERICA
        under the following Code of Civil Procedure section:

   ☐  416.10 (corporation)            ☑  415.95 (business organization, form unknown)
   ☐  416.20 (defunct corporation)    ☐  416.60 (minor)
   ☐  416.30 (joint stock company/association)  ☐  416.70 (ward or conservatee)
   ☐  416.40 (association or partnership)  ☐  416.90 (authorized person)
   ☑  416.50 (public entity)          ☐  415.46 (occupant)
                                       ☐  other:

7.  **Person who served papers**
   a.  Name: KEITH WILLIAMS
   b.  Address: 3553 ATLANTIC AVENUE # 592, LONG BEACH, CA  90807
   c.  Telephone number: 323-251-9556
   d.  The fee for service was: $ 65
   e.  I am:

   (1) ☐  not a registered California process server.
   (2) ☐  exempt from registration under Business and Professions Code section 22350(b).
   (3) ☑  a registered California process server:
        (i) ☐  owner  ☐  employee  ☑  Independent contractor.
        (ii)  Registration No.: 6368
        (iii)  County: LOS ANGELES

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   **or**

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11-30-09

KEITH WILLIAMS                                    ▶ _KW_____ (SIGNATURE)
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*  POS-010

DANIEL J. BRAMZON,ESQ
BASTA, INC
2500 WILSHIRE BLVD., SUITE 1111
LOS ANGELES,CA  90057
TELEPHONE NO.: (213) 736-5050     FAX NO. *(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

**FILED**
FOR COURT USE ONLY
LOS ANGELES SUPERIOR COURT

NOV 3 0 2009

JOHN A. CLARKE, CLERK
BY RAUL SANCHEZ, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. HILL STREET
MAILING ADDRESS:
CITY AND ZIP CODE: LOS ANGELES,CA  90012
BRANCH NAME: CENTRAL

PLAINTIFF/PETITIONER: JULIA ORELLANA, et al.

DEFENDANT/RESPONDENT: BANK OF NEW YORK (MELLON)

CASE NUMBER:
BC426638

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
Dept 311

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [✓]  summons
   b. [✓]  complaint
   c. [✓]  Alternative Dispute Resolution (ADR) package
   d. [✓]  Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ]  cross-complaint
   f. [ ]  other *(specify documents)*:

3. a. Party served *(specify name of party as shown on documents served)*:
      BANK OF NEW YORK (MELLON)

   b. [✓]  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
      KO BJORN Flore      AGENT FOR SERVICE)

4. Address where the party was served:
   818 W. 7TH STREET, LOS ANGELES,CA  90017
5. I served the party *(check proper box)*
   a. [✓]  by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date)*: 11-30-09      (2) at *(time)*: 12:40 PM
   b. [ ]  by substituted service. On *(date)*:                  at *(time)*:              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

      (1) [ ]  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ]  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ]  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ]  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*:                  from *(city)*:                  or [ ]  a declaration of mailing is attached.

      (5) [ ]  I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| | |
|---|---|
| PLAINTIFF/PETITIONER: JULIA ORELLANA, et al. | CASE NUMBER: |
| DEFENDANT/RESPONDENT: BANK OF NEW YORK (MELLON) | BC426638 |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                                (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:

  a.  ☐  as an individual defendant.

  b.  ☐  as the person sued under the fictitious name of *(specify):*

  c.  ☐  as occupant.

  d.  ☑  On behalf of *(specify):*  BANK OF NEW YORK (MELLON)

    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)               ☑ 415.95 (business organization, form unknown)

    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)

    ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)

    ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)

    ☑ 416.50 (public entity)              ☐ 415.46 (occupant)

                                      ☐ other:

7.  **Person who served papers**

  a.  Name: KEITH WILLIAMS

  b.  Address: 3553 ATLANTIC AVENUE # 592, LONG BEACH, CA  90807

  c.  Telephone number: 323-251-9556

  d.  The fee for service was: $ 65

  e.  I am:

    (1) ☐ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☑ a registered California process server:

      (i)  ☐ owner  ☐ employee  ☑ independent contractor.

      (ii) Registration No.: 6368

      (iii) County: LOS ANGELES

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 11-30-09

KEITH WILLIAMS
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶                                    (SIGNATURE)

FILED IN FORMA PAU... AS (ORG 985)
PER ORDER DATED _____ PURSUANT
AMOUNT RECOVERABLE _____ JUDGMENT
TO 68511.3 GC $ _____
PLUS A ONE TIME ADMINISTRATIVE FEE FOR JUDGMENT CREDITOR
IF THE PARTY BECOMES A JUDGMENT CREDITOR

**FEE WAIVER**

1   Daniel J. Bramzon, State Bar No. 214324
2   *B A S T A, Inc.*[1]
    2500 Wilshire Boulevard, Suite 1111
3   Los Angeles, California 90057
    Telephone: (213) 736-5050
4
    Attorneys for Plaintiffs
5

COM
AU
910006
A6025

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 20 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
MARY E. GARCIA

NOV 19 2009

6
        SUPERIOR COURT OF THE STATE OF CALIFORNIA
7
            FOR THE COUNTY OF LOS ANGELES
8

| | |
|---|---|
| 9  JULIA ORELLANA, an individual, MARIA DE LA PAZ CRUZ, an individual, 10 ARTHUR CRUZ, an individual, AGRIPINO BALDERAS, an individual, JOSE 11 MENDOZA, an individual, ANA GONZALEZ, an individual, MARGARET 12 DOZIER, an individual, ANTHONY CRUZ, an individual; ALL OTHERS SIMILARLY 13 SITUATED, <br><br> 14                    Plaintiffs, <br> 15            v. <br> 16 DEUTSCHE BANK NATIONAL TRUST COMPANY; ONEWEST BANK; BANK OF 17 AMERICA; CITIBANK; FEDERAL NATIONAL MORTGAGE ASSOCIATION; 18 U.S. BANCORP; BANK OF NEW YORK MELLON; FEDERAL HOME LOAN 19 MORTGAGE CORPORATION; DOES 1 through 10,000, inclusive, <br><br> 20                    Defendants. | LASC Case No.  **BC 426638** <br><br> **CLASS ACTION** <br><br> **COMPLAINT FOR:** <br><br> 1. **FAILURE TO PAY RELOCATION** <br><br> 2. **DEMANDING/COLLECTING EXCESSIVE RENT** <br><br> 3. **CONSTRUCTIVE EVICTION** <br><br> 4. **VIOLATION OF BUSINESS AND PROFESSIONS CODE, §17200** <br><br> 5. **NEGLIGENCE** <br><br> **[JURY TRIAL DEMANDED]** |

21

22   The above-captioned plaintiffs, on behalf of themselves and all others similarly situated

23   (collectively, "Tenants" or "Plaintiffs"), allege against the above-captioned defendants (collectively,

24   "Landlord" or "Defendants") as follows:

25                        **NATURE OF THE ACTION**

26   This class action seeks relief for, and an end to, a pattern and practice of wrongs and unfair

27   business practices committed by the Landlord, including:

28   [1] BASTA, Inc. is a California public benefit corporation and federally registered non-profit organization.

1    (a)    Maintaining unsafe and inherently substandard dwelling units and residential

2  dwelling structures in violation of local zoning and municipal ordinances and for which no

3  Certificate of Occupancy has been obtained from the City of Los Angeles Department of Building

4  and Safety;

5    (b)    Demanding and or collecting rent beyond the amount permitted under the City of

6  Los Angeles Municipal Code's Rent Stabilization Ordinance;

7    (c)    Constructively evicting tenants by maintaining and condoning substandard dwelling

8  units and refusing to undertake the work necessary to bring the dwelling units into compliance with

9  local ordinances (e.g., City of Los Angeles Building Code) and State law (e.g., California Health &

10  Safety Code);

11    (d)    Participating in unfair business practices by, among other acts, issuing "notices to

12  quit" without legal basis, evicting tenants from rent-controlled properties without cause, collecting

13  unauthorized rents, administering and operating rental properties without a Certificate of

14  Occupancy, and failing to pay required relocation fees mandated by the City of Los Angeles Rent

15  Stabilization Ordinance; and

16    (e)    Negligently managing or otherwise administering or operating dwelling units

17  obtained through foreclosure by participating in, or condoning, the conduct described below.

## THE PARTIES

19    1.    Julia Orellana is a tenant living at a dwelling unit owned, managed, or otherwise

20  administered or operated by the Defendants in the City of Los Angeles. Plaintiff is a resident of the

21  City and County of Los Angeles and lives at 1283 W. 24th Street, Los Angeles, CA 90007. She is a

22  victim of the Defendants' course of conduct detailed herein.

23    2.    Maria de la Paz Cruz is a tenant living at a dwelling unit owned, managed, or

24  otherwise administered or operated by the Defendants in the City of Los Angeles. Plaintiff is a

25  resident of the City and County of Los Angeles and lives at 1802 W. 12th Place, Los Angeles, CA

26  90006. She is a victim of the Defendants' course of conduct detailed herein.

27    3.    Arthur Cruz is a tenant living at a dwelling unit owned, managed, or otherwise

28  administered or operated by the Defendants in the City of Los Angeles. Plaintiff is a resident of the

2

COMPLAINT

1   City and County of Los Angeles.  He is a victim of the Defendants' course of conduct detailed
2   herein.

3        4.      Agripino Balderas is a tenant living at a dwelling unit owned, managed, or otherwise
4   operated or administered by the Defendants in the City of Los Angeles.  Plaintiff is a resident of the
5   City and County of Los Angeles.  He is a victim of the Defendants' course of conduct detailed
6   herein.

7        5.      Jose Mendoza is a tenant living at a dwelling unit owned, managed, or otherwise
8   operated or administered by the Defendants in the City of Los Angeles.  Plaintiff is a resident of the
9   City and County of Los Angeles.  He is a victim of the Defendants' course of conduct detailed
10  herein.

11       6.      Ana Gonzalez is a tenant living at a dwelling unit owned, managed, or otherwise
12  operated or administered by the Defendants in the City of Los Angeles.  Plaintiff is a resident of the
13  City and County of Los Angeles.  She is a victim of the Defendants' course of conduct detailed
14  herein.

15       7.      Margaret Dozier is a tenant living at a dwelling unit owned, managed, or otherwise
16  administered or operated by the Defendants in the City of Los Angeles.  Plaintiff is a resident of the
17  City and County of Los Angeles.  She is a victim of the Defendants' course of conduct detailed
18  herein.

19       8.      Anthony Cruz is a tenant living at a dwelling unit owned, managed, or otherwise
20  administered or operated by the Defendants in the City of Los Angeles.  Plaintiff is a resident of the
21  City and County of Los Angeles.  He is a victim of the Defendants' course of conduct detailed
22  herein.

23       9.      Defendant Deutsche Bank National Trust Company is, based upon information and
24  belief, a national association and a resident of the County of Los Angeles.  Based upon information
25  and belief, its principle place of business is in the City of Los Angeles.  It conducts substantial
26  business in the City and County of Los Angeles, including purchasing, owning, managing, or
27  otherwise administering or operating real property in the City of Los Angeles.
28

Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

10.    Defendant OneWest Bank is a federal savings bank and a resident of the County of Los Angeles. Based upon information and belief, it is headquartered in the City of Pasadena in the County of Los Angeles. It conducts substantial business in the City and County of Los Angeles, including purchasing, owning, managing, or otherwise administering or operating real property in the City of Los Angeles.

11.    Defendant Bank of America is a Delaware company registered to conduct business with the California Secretary of State. It conducts substantial business in the City and County of Los Angeles, including purchasing, owning, managing, or otherwise administering or operating real property in the City of Los Angeles.

12.    Defendant Citibank is, based upon information and belief, a New York based company. It conducts substantial business in the City and County of Los Angeles, including purchasing, owning, managing, or otherwise administering or operating real property in the City of Los Angeles.

13.    Defendant Federal National Mortgage Association (commonly known as "Fannie Mae") is, based upon information and belief, a Washington D.C. based company. It conducts substantial business in the City and County of Los Angeles, including purchasing, owning, managing, or otherwise administering or operating real property in the City of Los Angeles.

14.    Defendant U.S. Bancorp is a Delaware company registered to conduct business with the California Secretary of State. It conducts substantial business in the City and County of Los Angeles, including purchasing, owning, managing, or otherwise administering or operating real property in the City of Los Angeles.

15.    Defendant Bank of New York (Mellon) is a New York company registered to conduct business with the California Secretary of State. It conducts substantial business in the City and County of Los Angeles, including purchasing, owning, managing, or otherwise administering or operating real property in the City of Los Angeles.

16.    Defendant Federal Home Loan Mortgage Corporation (commonly known as "Freddie Mac") is, based upon information and belief, a Virginia based company. It conducts substantial

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

1  business in the City and County of Los Angeles, including purchasing, owning, managing, or
2  otherwise administering or operating real property in the City of Los Angeles.

3      17.    The true names and capacities of defendants sued as DOES 1 through 10,000,
4  inclusive, are unknown to the Plaintiffs at this time.  Plaintiffs therefore sue said defendants by such
5  fictitious names.  Plaintiffs will amend this action to allege the true names and capacities of DOES 1
6  through 10,000, inclusive, when ascertained.  Nevertheless, the Plaintiffs are informed and believe,
7  and based thereon allege, that each of the DOE defendants, jointly and severally, are in some
8  manner responsible for the wrongdoing and damages alleged herein.  Indeed, based upon
9  information and belief, the Plaintiffs allege that the Defendants have formulated business models
10  designed to create the false impression of separate DOE entities, subsidiaries, and affiliates where
11  truly independent entities do not actually exist – in part, for the purpose of avoiding liability for the
12  wrongdoing alleged herein.  Any reference made to the "Landlord" or to the "Defendants" includes
13  DOES 1 through 10,000, inclusive.

14      18.    The Plaintiffs are informed and believe, and based thereon allege, that each defendant
15  was the employee, agent, servant, partner, beneficiary, executor, fictitious business name, trustee,
16  subsidiary, related/affiliated entity, assignee, assignor, legal representative, general administrator,
17  member, co-conspirator, and/or joint venturer of each of the remaining Defendants and was acting
18  within the scope of said relationship at the time of the wrongdoing alleged.  The Plaintiffs are
19  further informed and believe that each act on the part of each defendant was substantially ratified by
20  each of the remaining defendants, including the DOE defendants.

21  ## CLASS ACTION ALLEGATIONS

22  ### Class Allegations for the Class Generally

23      19.    Pursuant to Section 382 of the Code of Civil Procedure, Plaintiffs bring this action on
24  behalf of themselves and a similarly situated class defined as: any person who is or was a tenant
25  of any dwelling unit or residential dwelling structure in the City of Los Angeles that is or was
26  owned, managed, or otherwise administered or operated by the Defendants, which was
27  obtained by the Defendants through a foreclosure, and for which the dwelling unit or
28  residential dwelling structure is unapproved for its current use or occupancy or was

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

5

1  unapproved for its current use or occupancy at the time of Defendants' ownership,
2  management, administration, or operation thereof (the "Class"). Excluded from the Class are
3  the Defendants and their officers, affiliates, directors, members, employees, shareholders,
4  independent contractors, onsite managers and supervisors, offsite managers and supervisors, other
5  agents however denominated, and the immediate family members of any of the above.

6      20.   The members of the Class are sufficiently numerous that joinder of all members
7  would not be feasible or practicable. Although the exact number of Class members is presently
8  unknown to Plaintiffs, the Defendants, based on information and belief, either own, manage, or
9  otherwise administer or operate at least hundreds of relevant foreclosed properties in the City of Los
10  Angeles. Based on local demographics and residential statistics, each foreclosed property shelters,
11  on average, approximately at least four persons. Thus, the Class contains hundreds, if not
12  thousands, of people.

13      21.   The Class is ascertainable and shares a well-defined community of interest in
14  questions of law and fact alleged because members of the Class all (a) reside in "unapproved"
15  dwelling units or residential dwelling structures on foreclosed properties in the City of Los Angeles
16  and (b) share the same rights and general remedies arising from the dwellings' "unapproved" status
17  and its consequent inherently substandard living conditions existing thereat.

18      22.   The Class further shares a well-defined community of interest in obtaining equitable
19  relief that at least: (a) provides information to the Tenants as to their legal rights in cases where
20  Defendants issue to them "notices to quit" or pursue eviction proceedings, and (b) either compels
21  Defendants to undertake the necessary, legally compliant work as to the substandard and
22  "unapproved" dwellings in order to obtain a Certificate of Occupancy or, in the alternative, provides
23  the Tenants with relocation assistance as mandated by local ordinance.

24      23.   The common questions of law and fact as to the general Class predominate over
25  questions affecting only individual Class members. Those questions include, among others:

26
27
28

2500 Wilshire Boulevard
Suite 1311
Los Angeles, California 90057

6

(a)    whether Defendants own, manage, or otherwise administer or operate dwelling units or residential dwelling structures on foreclosed properties that are unapproved for their current use or occupancy;[2]

(b)    whether Defendants have, in part as a policy and practice, demanded and/or collected rent, at these substandard properties for which no Certificate of Occupancy has been obtained, in excess of the amounts permitted by the City of Los Angeles Rent Stabilization Ordinance;

(c)    whether Defendants have constructively evicted the Tenants by maintaining and condoning inherently substandard dwelling units while refusing to undertake the work necessary to bring the dwelling units into compliance with the law (e.g., City of Los Angeles Building Code and California's Health and Safety Code);

(d)    whether Defendants have intimidated the Tenants to vacate these "unapproved" and substandard properties to avoid payment of required relocation fees and to raise the value of their rent-controlled investment, including tactics of issuing invalid "notices to quit" and initiating baseless eviction proceedings; and

(e)    whether such conduct was undertaken intentionally or negligently.

24.    The claims of the named plaintiffs are typical of the claims of all members of the Class as mentioned herein. Plaintiffs, as representative parties, will fairly and adequately protect the interests of the Class by vigorously pursuing the lawsuit through the Plaintiffs' attorneys who are sufficiently skilled and experienced. The individually named plaintiffs have no interest antagonistic to those interests of other Class members.

25.    Notice to members of the Class can be provided through Defendants' records, distribution of notices posted at the properties that the Defendants own, manage, or otherwise

---

[2] Such dwelling units are easily identifiable, at least in part by the lack of Certificate of Occupancy issued by the City of Los Angeles Department of Building and Safety. Such a lack of certificate qualifies these dwellings as inherently substandard by the relevant regulatory agencies.

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

1  administer or operate, and by publication (the cost of which should properly be imposed on the
2  Defendants).

3      26.    Plaintiffs are unaware of any difficulty that will be encountered in the management
4  of this litigation that would preclude its maintenance as a class action. A class action is superior to
5  other available methods for the fair and efficient adjudication of this controversy for at least the
6  following reasons:

7        (a)    Based upon information and belief, the case will require substantial
8            management and oversight by the Court due to the potential for an
9            excessively large number of Class members;

10       (b)    Based upon information and belief, the case will require substantial
11           management and ongoing oversight by the Court due to the necessary
12           injunctive relief requested by the Plaintiffs related to the Defendants' illegal
13           business practices;

14       (c)    Based upon information and belief, the case will require substantial
15           management and oversight by the Court due to a multiplicity of inter-
16           connected, related, and affiliated entities (including the DOE defendants) that
17           may be involved in the wrongs alleged, which the Defendants use as "fronts"
18           and cover in an effort to avoid liability;

19       (d)    This action will promote an orderly and expeditious administration and
20           adjudication of the Class claims, foster economies of time, effort, and
21           resources, and ensure uniformity of decisions, especially with respect to
22           uniform business practices that violate state and local laws;

23       (e)    The equitable relief sought should be imposed on the Defendants consistently,
24           and a class action is superior to individual actions because a series of
25           individual lawsuits would risk compelling the Defendants to meet
26           inconsistent standards of conduct; and

27       (f)    The unnamed members of the Class are frightened of retribution from the
28           Defendants for invoking their rights to seek the judicial relief contained

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

8

1   herein, so proceeding in unity as a group will alleviate such fears and

2   concerns as well as protect the rights of those victimized class members not

3   individually named herein.

4   **Class Allegations for the Citation Subclass**

5       27.    The Class also includes a subclass defined as: any Class member (any tenant)

6   residing in a dwelling unit or residential dwelling structure, cited by the City of Los Angeles

7   Housing Department or City of Los Angeles Department of Building and Safety for

8   unapproved use, occupancy, construction, or similar violation, and whereby more than 35

9   days have passed since the governmental agency inspection without compliance by the

10  Defendants (the "Citation Subclass").

11      28.    The members of the Citation Subclass are sufficiently numerous that joinder of all

12  members would not be feasible or practicable.  Although the exact number of Citation Subclass

13  members is presently unknown to Plaintiffs, the Defendants, based on information and belief, either

14  own, manage, or otherwise administer or operate hundreds of foreclosed properties in the City of

15  Los Angeles which have the relevant outstanding notices issued by a local governmental agency.

16  Based on local demographics and residential statistics, each cited property shelters at least an

17  estimated four persons.  Thus, the Citation Subclass contains hundreds, if not thousands, of people.

18      29.    The Citation Subclass is ascertainable and shares a well-defined community of

19  interest in questions of law and fact alleged because members of the Citation Subclass share the

20  same rights and general remedies arising from the "unapproved" status cited by either the City of

21  Los Angeles Housing Department or Department of Building and Safety.  Particularly, all members

22  of the Citation Subclass reside in dwelling units on foreclosed properties in the City of Los Angeles

23  that have already been cited by a governmental agency for unapproved use, occupancy,

24  construction, or similar violation and where such citation has remained unremedied for more than 35

25  days.

26      30.    The Citation Subclass has a well-defined community of interest in obtaining

27  equitable relief that at least: (a) provides information to the Tenants as to their legal rights in cases

28  where Defendants issue to them "notices to quit" or pursue eviction proceedings rather than

9

1   remedying the "unapproved" status citations issued to the Defendants by the local governmental

2   agency, and (b) compels Defendants to undertake the necessary work as to the citations issued

3   against them or, in the alternative, provide the Tenants with relocation assistance as mandated by

4   local ordinance should the Defendants choose not to remedy the citations.

5        31.      Besides the common questions of law and fact pertaining to the general Class,

6   additional common questions of law and fact as to the Citation Subclass predominate over questions

7   affecting only individual members of the Citation Subclass. Those additional questions include,

8   without limitation:

9            (a)    whether Defendants own, manage, or otherwise administer or operate

10               residential dwelling units and structures on foreclosed properties that have

11               already been cited by a governmental agency for unapproved use, occupancy,

12               construction, or other similar violation; and

13           (b)    whether such citation has remained outstanding without remedy for more than

14               35 days.

15       32.      The claims of the named plaintiffs are typical of the claims of all members of the

16   Citation Subclass as mentioned herein.   Plaintiffs, as representative parties, will fairly and

17   adequately protect the interests of the Citation Subclass by vigorously pursuing the suit through the

18   Plaintiffs' attorneys who are sufficiently skilled and experienced. The individually named plaintiffs

19   have no interest antagonistic to those interests of the Citation Subclass.

20       33.      Notice to members of the Citation Subclass can be provided through the Defendants'

21   records, distribution of notices posted at the properties that the Defendants own, manage, or

22   otherwise administer or operate, and by publication (the cost of which should properly be imposed

23   on Defendants).

24       34.      Plaintiffs are not aware of any difficulty that will be encountered in the management

25   of this litigation that would preclude the maintenance of this class action with a Citation Subclass.

26   A class action with a Citation Subclass is superior to other available methods for the fair and

27   efficient adjudication of this controversy for at least the following reasons:

28           (a)    Based upon information and belief, the case will require substantial case

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

10

1         management and oversight by the Court due to the large number of members

2         in the Citation Subclass and the necessary injunctive relief against the

3         Defendants' illegal business practices;

4     (b)   This action will promote an orderly and expeditious administration and

5         adjudication of the Citation Subclass' claims, foster economies of time, effort,

6         and resources, and ensure uniformity of decisions, with respect to uniform

7         business practices that violate the local ordinances and State laws;

8     (c)   The equitable relief sought should be imposed on the Defendants consistently

9         and a class action that includes a Citation Subclass is superior to individual

10        actions because a series of individual actions would risk compelling the

11        Defendants to meet inconsistent standards of behavior; and

12     (d)   The unnamed members of the Citation Subclass are frightened of retribution

13        from the Defendants for invoking their right to seek the judicial relief

14        contained herein, so proceeding in unity as a group will alleviate such fears

15        and concerns as well as protect the rights of those victimized subclass

16        members not individually named herein.

17  **Class Allegations for the Rent Collection Subclass**

18     35.   The Class also includes a subclass defined as: **any Class member (any tenant) from**

19 **whom rent has been demanded, collected, or retained by the Defendants or any agents thereof**

20 (the "Rent Collection Subclass").

21     36.   The members of the Rent Collection Subclass are sufficiently numerous that joinder

22 of all members would not be feasible or practicable. Although the exact number of Rent Collection

23 Subclass members is presently unknown to Plaintiffs, the Defendants, based on information and

24 belief, either own, manage, or otherwise administer or operate hundreds of foreclosed properties in

25 the City of Los Angeles wherein Defendants, whether directly or through agents, have demanded,

26 collected, or retained rents from the Tenants. Based on local demographics and residential statistics,

27 each foreclosed property shelters at least four persons. Thus, the Rent Collection Subclass contains

28 hundreds, if not thousands, of people.

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

37.     The Rent Collection Subclass is ascertainable and shares a well-defined community of interest in questions of law and fact alleged because members of the Rent Collection Subclass share the same rights and general remedies arising from the unpermitted behavior of the defendants by demanding, collecting, and/or retaining rents paid by the Tenants to the Defendants. Particularly, the Rent Collection Subclass has a well-defined community of interest in obtaining (a) disgorgement and restitution of any rents collected and/or retained (as well as any statutory damages associated therewith), and (b) equitable relief that at least: (i) provides information to any Rent Collection Subclass member explaining their rights as to rent collection on foreclosed properties where the subclass member resides in an "unapproved" dwelling, (ii) compels Defendants to no longer demand and collect rent from the Tenants without first obtaining both a Certificate of Occupancy from the LADBS[3] and a Certificate of Registration from the LAHD[4], and (iii) orders the Defendants to obtain a Certificate of Occupancy from the LADBS and a Certificate of Registration from the LAHD.

38.     Besides the common questions of law and fact pertaining to the general Class, additional common questions of law and fact as to the Rent Collection Subclass predominate over questions affecting only individual members of the Rent Collection Subclass. Those questions include, without limitation:

(a)     whether the Defendants have obtained both a Certificate of Occupancy from the LADBS and a Certificate of Registration from the LAHD;

(b)     whether the Defendants demanded, collected, or retained rents from Tenants in dwelling units that do not have both certificates; and

(c)     whether the Defendants have undertaken such unauthorized rent collection as an overall pattern and business practice.

39.     The claims of the named plaintiffs are typical of the claims of all members of the Rent Collection Subclass as mentioned herein. Plaintiffs, as representative parties, will fairly and

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

---

[3] City of Los Angeles Department of Building and Safety.

[4] City of Los Angeles Housing Department.

1  adequately protect the interests of the Rent Collection Subclass by vigorously pursuing the suit
2  through the Plaintiffs' attorneys who are sufficiently skilled and experienced. The individually
3  named plaintiffs have no interest antagonistic to those interests of the Rent Collection Subclass

4      40.    Notice to members of the Rent Collection Subclass can be provided through the
5  Defendants' records, distribution of notices posted at the properties that the Defendants own,
6  manage, or otherwise administer or operate, and by publication (the cost of which should properly
7  be imposed on Defendants).

8      41.    Plaintiffs are not aware of any difficulty that will be encountered in the management
9  of this litigation that would preclude the maintenance of this class action with a Rent Collection
10  Subclass. A class action with a Rent Collection Subclass is superior to other available methods for
11  the fair and efficient adjudication of this controversy for at least the following reasons:

12      (a).    Based upon information and belief, the case will require substantial case
13              management and oversight by the Court due to the large number of members
14              in the Rent Collection Subclass and the necessary injunctive relief against the
15              Defendants' illegal business practices;

16      (b)    This action will promote an orderly and expeditious administration and
17              adjudication of the Rent Collection Subclass' claims, foster economies of
18              time, effort, and resources, and ensure uniformity of decisions, with respect to
19              uniform business practices that violate the local ordinances and State laws;
20              and

21      (c)    The equitable relief sought should be imposed on the Defendants consistently
22              and a class action that includes a Rent Collection Subclass is superior to
23              individual actions because a series of individual actions would risk
24              compelling the Defendants to meet inconsistent standards of behavior.

## FIRST CAUSE OF ACTION: FAILURE TO PAY RELOCATION

*(By All Members of the Citation Subclass Against All Defendants)*

42.    Plaintiffs incorporate herein by reference paragraphs 1 through 41 as though fully set
forth verbatim herein.

13
COMPLAINT

43.     Members of the Citation Subclass are tenants that reside in dwelling units or residential dwelling structures on foreclosed properties subject to the City of Los Angeles Rent Stabilization Ordinance ("LARSO"), a chapter of the City of Los Angeles Municipal Code ("LAMC"), specifically §151, et seq.

44.     The Tenants' dwelling units or residential dwelling structures have been cited by either the LAHD or the LADBS for either unapproved use, unapproved occupancy, unapproved construction, or some similar violation. These citations require that the subject unit be vacated and the tenancy be terminated.

45.     When a tenancy must be terminated as a result of such a governmental agency citation, LARSO requires that the landlord pay to the tenant relocation fees fixed by the City ordinance.

46.     The Landlord has refused or failed to pay these mandated relocation fees notwithstanding the governmental agency citations -- thereby leaving the Tenants to continue residing in inherently substandard and dangerous conditions.

47.     As a proximate result, the Plaintiffs have been damaged in an amount to be proven at trial.

48.     Having been made aware of the inherently substandard conditions at the subject properties – the consequent result of not having a Certificated of Occupancy – through a governmental agency inspection and/or the lack of a Certificate of Occupancy, yet nevertheless (a) refusing to undertake the necessary work to obtain a Certificate of Occupancy so as to make the unit(s) fit for human habitation, and/or (b) in the alternative, failing to provide the Tenants with the relocation fees as imposed upon the landlord by local ordinance, the Defendants' conduct and the conduct of the Defendants' officers, directors, and/or managing agents who authorized, directed, and/or ratified the Defendants' acts was willful and intentional and done with oppression and malice against the members of the subclass, and with a conscious disregard of their rights, safety, and well-being.

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

14

## SECOND CAUSE OF ACTION: DEMANDING/COLLECTING EXCESSIVE RENT

*(By All Members of the Rent Collection Subclass Against All Defendants)*

49.     Plaintiffs incorporate herein by reference paragraphs 1 through 48 as though fully set forth verbatim herein.

50.     Members of the Rent Collection Subclass are tenants that reside in dwelling units subject to LARSO (a chapter of the LAMC, specifically §151, et seq.), from whom rent has been demanded, collected, or retained.

51.     Per LAMC, §91.109.1, in order to safeguard life and limb, health, property and public welfare, every building or structure shall conform to the construction requirements for the subgroup occupancy to be housed therein, or for the use to which the building or structure is to be put. No building or structure or portion shall be used or occupied until a Certificate of Occupancy has been issued by the LADBS.

52.     The subclass members' dwelling units do not have a Certificate of Occupancy, so the underlying occupancy and leases (whether verbal or written, whether express or implied) are in violation of law, and any rents generated thereupon are a result of an illegal purpose or condition. Thus, the rent level for these "illegal" dwelling units should be zero.

53.     For dwelling units subject to LARSO, a landlord is not permitted to demand, collect, or retain rents in excess of the maximum rent levels established by LARSO. The rent levels for a dwelling unit without a Certificate of Occupancy should be zero. Therefore, any rents demanded, collected, or retained above the zero sum are in excess of the maximum permitted LARSO rent levels.

54.     Moreover, per LAMC, §151.05, no landlord shall demand or accept rent for a rental unit without first procuring and serving on the tenant or displaying in a conspicuous place a Certificate of Registration from the LAHD.  The Tenants' dwelling units do not have such a Certificate of Registration.

55.     In order to collect rent from the subclass members, their dwelling unit must have both a Certificate of Occupancy (from LADBS) and a Certificate of Registration (LAHD).

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

56.     As a proximate result of the Defendants' failure to obtain <u>both</u> required certificates while nevertheless demanding, collecting, or retaining rents, the Tenants have been damaged in an amount to proven at trial.

57.     Having been made at least constructively aware of the lack of Certificate of Occupancy related to the respective property – thereby triggering an inherently substandard condition at the subject properties housing members of the Class and/or subclass – while nevertheless (a) demanding and/or collecting rent thereupon, and/or (b) refusing to undertake the necessary work to obtain a Certificate of Occupancy so as to make the dwelling unit(s) fit for human habitation, the Defendants' conduct and the conduct of the Defendants' officers, directors, and/or managing agents who authorized, directed, and/or ratified the Defendants' acts was willful and intentional and done with oppression and malice against the members of the class and subclass, and with a conscious disregard of their rights, safety, and well-being. Therefore, at least under these circumstances, the Defendants' behavior is despicable and warrants the imposition of punitive damages in a sum appropriate to punish the Defendants and deter future, similar misconduct.

## THIRD CAUSE OF ACTION:  CONSTRUCTIVE EVICTION

### (By All Members of the Class Against All Defendants)

58.     Plaintiffs incorporate herein by reference paragraphs 1 through 57 as though fully set forth verbatim herein.

59.     The Tenants reside on foreclosed properties in dwelling units for which there is no Certificate of Occupancy.

60.     Per LAMC, §91.109.1, in order to safeguard life and limb, health, property and public welfare, every building or structure shall conform to the construction requirements for the subgroup occupancy to be housed therein, or for the use to which the building or structure is to be put. No building or structure or portion shall be used or occupied until a Certificate of Occupancy has been issued by the LADBS.

61.     The Defendants have refused to undertake the necessary work (to be conducted by licensed contractors) in order to obtain the mandated Certificate of Occupancy, thereby forcing the

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

1   Tenants to be constructively or actually evicted from their rent-controlled dwelling units that remain

2   unapproved for human habitation and occupancy.

3       62.   As a proximate cause of this conduct, the Tenants have suffered damages in an

4   amount to be proven at trial.

5       63.   Being aware of the inherently substandard conditions – the consequent result of not

6   having a Certificate of Occupancy – through a governmental agency inspection and/or the lack of a

7   Certificate of Occupancy, yet nevertheless (a) demanding and/or collecting rent thereupon, (b)

8   refusing to undertake the necessary work to obtain a Certificate of Occupancy so as to make the

9   dwelling units fit for human habitation, and/or (c) in the alternative, failing to provide the Tenants

10  with the relocation fees as imposed upon the landlord by local ordinance, the Defendants' conduct

11  and the conduct of the Defendants' officers, directors, and/or managing agents who authorized,

12  directed, and/or ratified the Defendants' acts was willful and intentional and done with oppression

13  and malice against the members of the Class, as well as with a conscious disregard of their rights,

14  safety, and well-being.  In addition, the above conduct is at least in part a premeditated course of

15  conduct intended to harass, and create discomfort for, the Class to encourage them to vacate their

16  rent-controlled apartments so that the Defendants can sell the properties obtained by foreclosure

17  auction at higher values.  The Defendants' behavior is despicable and warrants the imposition of

18  punitive damages in a sum appropriate to punish the Defendants and deter future, similar

19  misconduct.

## FOURTH CAUSE OF ACTION: VIOLATION OF

## BUSINESS AND PROFESSIONS CODE, §17200

*(By All Members of the Class Against All Defendants)*

23      64.   Plaintiffs incorporate herein by reference paragraphs 1 through 63 as though fully set

24  forth verbatim herein.

25      65.   The Landlord has undertaken conduct that is unlawful, unfair, fraudulent, and/or

26  deceptive by, among other ways:

27          (a)    Owning, managing, or otherwise administering or operating dwelling units on

28                 foreclosed properties without a Certificate of Occupancy;

17

(b)  Failing to undertake the necessary compliance work at its foreclosed properties in order to obtain a Certificate of Occupancy;

(c)  Demanding and collecting rent without first obtaining <u>both</u> a Certificate of Occupancy from the LADBS and a Certificate of Registration from the LAHD;

(d)  Issuing facially invalid "notices to quit" without one of the permitted reasons to evict the Tenants pursuant to LARSO;

(e)  Filing unlawful detainer actions for the purpose of intimidating Tenants into vacating rent-controlled dwelling units, in part, for the purpose of avoiding payment of relocation fees under LARSO;

(f)  Filing unlawful detainer actions for the purpose of intimidating Tenants into vacating rent-controlled dwelling units, in part, for the purpose of raising the value of properties purchased at foreclosure auction that the Defendants intend to sell;

(g)  Misleading the Tenants into vacating the rent-controlled properties in the first instance and, in the second instance, without paying the relocation fees to which the Tenants are entitled; and

(h)  Owning, managing, or otherwise administering or operating dwelling units on foreclosed properties in substandard condition (as determined by a governmental agency), thereby limiting the Tenants' beneficial use of the property.

66.  Each of these business practices and the others described in the preceding causes of action and incorporated by reference into this cause of action are also unfair business practices in that they violate established public policies and/or laws and have no substantial justification.

67.  Plaintiffs have lost money or property as a result of the Defendants' unlawful and unfair business practices.

68.  As a proximate result of this behavior, the Tenants have been damaged in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION: NEGLIGENCE

*(By All Members of the Class Against All Defendants)*

69.     Plaintiffs incorporate herein by reference paragraphs 1 through 68 as though fully set forth verbatim herein.

70.     The Defendants owed Plaintiffs a general duty of care arising out of their tenancies, including but not limited to: (a) providing the Plaintiffs with a safe and habitable dwelling not deemed substandard, (b) abiding by all the relevant laws intended to protect tenants such as having appropriate governmental agency personnel determine whether the dwelling unit meets all the legal criteria of safety, habitability, and tenantability so as to issue a Certificate of Occupancy thereupon, (c) providing legally required relocation benefits upon established criteria, and (d) refraining from illicit activities intended to "encourage" the Tenants to vacate their rent-controlled dwelling units.

71.     To the extent that any of the above allegations may be deemed or categorized as "accidental" rather than intentional, then the Defendants breached their general duty by *negligently* undertaking the actions described above.

72.     As a proximate result of the Defendants' negligence, Plaintiffs suffered injuries and damage in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

## FIRST CAUSE OF ACTION

*(Failure to Pay Relocation)*

(a)     For compensatory, general, statutory, and punitive damages according to proof;

(b)     For attorneys' fees pursuant to applicable statutes and ordinances;

(c)     For preliminary and permanent injunctive relief; and

(d)     For such other and further relief that the Court may deem just and proper, including any relief necessary for the Defendants to cease the illegal conduct.

COMPLAINT

## SECOND CAUSE OF ACTION

### (Demanding/Collecting Excessive Rent)

(a)     For compensatory, general, statutory, and punitive damages according to proof;

(b)     For attorneys' fees pursuant to applicable statutes and ordinances;

(c)     For preliminary and permanent injunctive relief; and

(d)     For such other and further relief that the Court may deem just and proper, including any relief necessary for the Defendants to cease the illegal conduct.

## THIRD CAUSE OF ACTION

### (Constructive Eviction)

(a)     For compensatory, general, and punitive damages according to proof;

(b)     For preliminary and permanent injunctive relief; and

(c)     For such other and further relief that the Court may deem just and proper, including any relief necessary for the Defendants to cease the illegal conduct.

## FOURTH CAUSE OF ACTION

### (Violation of Business and Professions Code, §17200)

(a)     For disgorgement and restitution according to proof;

(b)     For attorneys' fees pursuant to applicable statutes and ordinances;

(c)     For preliminary and permanent injunctive relief; and

(d)     For such other and further relief that the Court may deem just and proper, including any relief necessary for the Defendants to cease the illegal conduct.

## FIFTH CAUSE OF ACTION

### (Negligence)

(a)     For compensatory and general damages according to proof; and

DATED: November 18, 2009

BASTA, Inc.

By: _Daniel J. Bramzon_
Daniel J. Bramzon
Attorneys for Plaintiffs

2500 Wilshire Boulevard
Suite 1111
Los Angeles, California 90057

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

—Daniel J. Bramzon, State Bar No. 214324
BASTA, Inc.
2500 Wilshire Boulevard, Suite 1111, Los Angeles, CA 90057

TELEPHONE NO.: (213) 736-5050   FAX NO.:
ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

NOV 20 2009

John A. Clarke, Executive Officer/Clerk
By _____, Deputy
MARY E. GARCIA

CASE NAME:
Orellana, et al. v. Deutsche Bank National Trust Company, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **BC 426638** |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[✓] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [✓] Large number of separately represented parties
   b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [✓] Substantial amount of documentary evidence
   d. [✓] Large number of witnesses
   e. [✓] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [✓] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [✓] punitive
4. Number of causes of action (specify): five
5. This case [✓] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 18, 2009
Daniel J. Bramzon
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment (non-
      domestic relations)
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

| SHORT TITLE: | | CASE NUMBER | |
|---|---|---|---|
| Orellana, et al. v. Deutsche Bank National Trust Co.,etal. | | BC426638 | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 30–60   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | | 1., 2., 4. |
| Asbestos (04) | ☐ A6070  Asbestos Property Damage | | 2. |
| | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | | 2. |
| Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | | 1., 2., 3., 4., 8. |
| Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | | 1., 2., 4. |
| | ☐ A7240  Other Professional Health Care Malpractice | | 1., 2., 4. |
| Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | | 1., 2., 4. |
| | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | | 1., 2., 4. |
| | ☐ A7270  Intentional Infliction of Emotional Distress | | 1., 2., 3. |
| | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | | 1., 2., 4. |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | | 1., 2., 3. |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | | 1., 2., 3. |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | | 1., 2., 3. |
| Fraud (16) | ☐ A6013  Fraud (no contract) | | 1., 2., 3. |

**SHORT TITLE:**
Orellana, et al. v. Deutsche Bank National Trust Co.,etal.

**CASE NUMBER**

| A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| Other (35) | ☑ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

*(left margin, rotated):* Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)    Employment    Contract

SHORT TITLE:

Orellana, et al. v. Deutsche Bank National Trust Co., et al.

CASE NUMBER

| A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|
| Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| Toxic Tort<br>Environmental (30) | ☑ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

*Judicial Review (Cont'd.)*

*Litigation*

LACIV 109 (Rev. 01/07)   CIVIL CASE COVER SHEET ADDENDUM

| SHORT TITLE:<br>Orellana, et al. v. Deutsche Bank National Trust Co.,etal. | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1,** as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C<br>WHICH APPLIES IN THIS CASE<br>□1. ☑2. ☑3. □4. □5. □6. □7. □8. □9. □10. | ADDRESS:<br>1802 W. 12th Place |
|---|---|
| CITY:<br>Los Angeles | STATE:<br>CA | ZIP CODE:<br>90006 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: __November 18, 2009__

_(signature)_
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE
### [CCP 1013a; Fed. R. Civ. P.6]

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3699 Wilshire Boulevard, Suite 890, Los Angeles, California 90010.

On December 2l, 2009, I served the foregoing document, described as **NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ §1331 & 1442 and 12 U.S.C. §1452(f)** in this action by placing the original/copies thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as follows:

### SEE ATTACHED SERVICE LIST

[✔]   [BY MAIL] I am "readily familiar" with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Los Angeles, California.

[ ]   [BY E-MAIL] By electronically transmitting the document(s) listed above addressed as set forth on the attached service list.

[✔]   (State) I declare under penalty of perjury under the laws of the State oif California that the above is true and correct.

[✔]   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Cara Dolch

1

2

3

## SERVICE LIST

4

5

6

Daniel J. Bramzon
BASTA, Inc.
2500 Wilshire Boulevard, Suite 1111
Los Angeles, CA 90057

7

8

9

Deutsche Bank National Trust Company
2000 Avenue Of The Stars, Suite 1000
Los Angeles, CA 90067

10

11

One West Bank
888 East Walnut Street
Pasadena, CA 91101

12

13

14

Bank of America
333 South Hope
Los Angeles, CA

15

16

17

CitiBank
12731 W. Jefferson Boulevard
Los Angeles, CA 90066

18

19

Federal National Mortgage Association
3900 Wisconsin Avenue, NW
Washington, DC 20016

20

21

22

U.S. Bancorp
633 W. Fifth Street, 25th Floor
Los Angeles, CA 90071

23

24

25

Bank of New York Mellon
700 South Flower Street, Suite 200
Los Angeles, CA 90017

26

27

28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Paul L. Abrams.

The case number on all documents filed with the Court should read as follows:

## CV09- 9367 R (PLAx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

============================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JULIA ORELLANA, an individual, MARIA DE PAZ CRUZ, an individual,
ARTHUR CRUZ, an individual, AGRIPINO BALDERAS, an individual, JOSE
MENDOZA, an individual, JOSE MENDOZA, an individual, etc., et al.

**DEFENDANTS**
FEDERAL HOME LOAN MORTGAGE CORPORATION; FEDERAL
NATIONAL MORTGAGE ASSOCIATION, DEUTSCHE BANK

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Daniel J. Bramzon, Esq., Basta, Inc., 2500 Wilshire Boulevard, Suite 1111, Los
Angeles, CA 90057, (213) 736-5050

Attorneys (If Known)

Irwin S. Evans, Esq. (SBN: 037896), Kenneth M. Jones, Esq. (SBN: 140358)
LAW OFFICES OF GONZALEZ SAGGIO & HARLAN LLP, 3699 Wilshire
Boulevard, Suite 890, Los Angeles, CA 90010, (213) 487-1400

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☑ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☐ 1 Original Proceeding
- ☑ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No      ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☑ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☑ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: _____

CV09  09367

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No   ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES: Have any cases been previously filed in this court that are related to the present case?   ☒ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
   ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
   ☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
   ☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Federal Home Loan Mortgage Corporation, McLean, Virginia  Federal National Mortgage Association, Washington, D.C. |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date December 21, 2009

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program.  (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969.  (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |