HONORABLE RICARDO S. MARTINEZ
UNITED STATES DISTRICT COURT JUDGE

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>          Plaintiff,<br><br>    v.<br><br>JOHN DOE, JANE DOE and all Occupants of the Premises located at 8361 Seabreeze Court, Blaine WA 98230,<br><br>          Defendants.<br><br>ROBERT BROWN, an individual,<br><br>          Third-Party Plaintiff,<br><br>    v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation; RCO LEGAL PS, a Washington Professional Services Organization; WELLS FARGO BANK, N.A.<br><br>          Third-Party Defendants. | Case No. 2:15-cv-00881-RSM<br><br>**FREDDIE MAC'S RESPONSE TO BROWN'S MOTION TO REMAND**<br><br><u>Noted for consideration</u>:<br>July 10, 2015 |

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND
Case No. 2:15-cv-00881-RSM

105727.1662/6372557.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND RELIEF REQUESTED ...................................................... 1

II. TIMELINE AND FACTUAL AND PROCEDURAL BACKGROUND ...................... 1

III. ANALYSIS AND ARGUMENT ................................................................................ 2

    A. Congress Has Made Independent Grants of Federal-Court Jurisdiction and Exceptions to the General Removal Statute. ............................ 2

    B. Congress Has Made an Independent Grant of Federal-Court Jurisdiction and Broad Removal Rights to Freddie Mac. ................................... 4

    C. Freddie Mac Exercised Its Broad Right under § 1452(f)(3) to Remove the Counterclaims for Independent Adjudication. ............................... 4

        1. Section 1452(f)(3) applies – not the general removal statute ................ 5

        2. Section 1452(f)(3)'s broad right to remove "any action … to which [Freddie Mac] is a party at any time before trial" authorizes removal when Freddie Mac becomes a counterclaim defendant before trial ........................................................... 5

        3. Freddie Mac's nonsuit of its summary unlawful detainer action leaves the counterclaims as an independent action subject to removal under § 1452(f)(3) ...................................... 7

        4. The policies underlying the revival exception support the removal of the ten-counterclaims for independent adjudication ................................................................................... 9

    D. Freddie Mac's Removal was Timely Under § 1452(f)(3). ............................... 10

    E. The Removal of the Independent Adjudication of the Counterclaims is Equitable. ........................................................................................................ 10

    F. The Absence of Appellate Precedent on the Removal under § 1452(f)(3) of an Independent Adjudication of Counterclaims Precludes a Fee Award. .................................................................................... 11

IV. CONCLUSION ....................................................................................................... 13

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - i
Case No. 2:15-cv-00881-RSM

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

105727.1662/6372557.3

**TABLE OF AUTHORITIES**

Page(s)

CASES

*Am. Nat'l Red Cross v. S.G.*,
  505 U.S. 247505 U.S. 247, 112 S. Ct. 2465, 120 L. Ed. 2d 201 (1992) ............................ 2

*Braud v. Transport Serv. Co. of Illinois*,
  445 F.3d 801 (5th Cir. 2006) ............................................................................................ 9

*Carlson v. Wells Fargo Bank, NA*,
  No. 2:15-00109JLR (W.D. Wash. May 4, 2015) ......................................................... 1, 8

*Donahue v. Tokyo Electron Am., Inc.*,
  42 F. Supp. 3d 829, 838 (W.D. Tex. Aug. 27, 2014) ..................................................... 3

*Fed. Home Loan Mortg. Corp. v. Pihakis*,
  No. CV-13-S-1094-S, 2013 WL 3874524 (N.D. Ala. July 25, 2013) ............................ 6

*Fed. Home Loan Mortg. v. Litano*,
  No. 3:15-10019-MAP, 2015 U.S. Dist. LEXIS 71066 (D. Mass. Mar. 30, 2015) .......... 6

*Fed. Nat'l Mortg. Ass'n v. Ndiaye*,
  --- P.3d ---, 2015 WL 3755067 (Wn. App. June 16, 2015) ............................................ 9

*Freddie Mac v. Amersey*,
  2014 WL 1400086 (E.D. Mich. Apr. 9, 2014) ......................................................... 5, 10

*Freddie Mac v. Brooks*,
  No. 3:11cv313-WHA (WO), 2011 U.S. Dist. LEXIS 71523, 2011 WL 2619132
  (M.D. Ala. July 1, 2011) .................................................................................................. 6

*Freddie Mac v. Shaffer*,
  2014 WL 7180777 (N.D. Ala. Dec. 16, 2014) ............................................................ 6, 7

*Hellon & Assocs., Inc. v. Phoenix Resort Corp.*,
  958 F.2d 295 (9th Cir. 1992) ........................................................................................... 8

*Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*,
  535 U.S. 826, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002) ................................................ 3

*In re Franklin Nat'l Bank Sec. Litig. v. Anderson*,
  532 F.2d 842 (2d Cir. 1976) ............................................................................................ 6

*Kuxhausen v. BMW Financial Services NA LLC*,
  707 F.3d 1136 (9th Cir. 2013) ......................................................................................... 9

*Lightfoot v. Cendant Mortg. Corp.*,
  769 F. 3d 681 (9th Cir. 2014) .......................................................................................... 2

*Lott v. Pfizer, Inc.*,
  492 F.3d 789 (7th Cir. 2007) ......................................................................................... 12

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - ii
Case No. 2:15-cv-00881-RSM

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

105727.1662/6372557.3

*Lussier v. Dollar Tree Stores, Inc.*,
  518 F.3d 1062 (9th Cir. 2008) .................................................................................. 12

*Martin v. Franklin, Capital Corp.*,
  546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) .................................................. 12

*Mendoza v. Fed. Nat'l Mortg. Ass'n*,
  469 F. App'x 544 (9th Cir. 2012) ............................................................................ 7, 8

*Ocwen v. Mickna*,
  2015 WL 685264 (W.D. Ark. Feb. 17, 2015) ............................................................. 5, 11

*Port of Longview v. Int'l Raw Materials, Ltd.*,
  96 Wn. App. 431, 979 P.2d 917 (1999) ..................................................................... 2, 11

*Resolution Trust Corp. v. Bayside Developers*,
  43 F.3d 1230 (9th Cir. 1994) ................................................................................... 7, 8

*Sav. Bank of Puget Sound v. Mink*,
  49 Wn. App. 204, 741 P.2d 1043 (1987) ........................................................................ 9

*SRSEN v. State Farm Mutual Auto. Ins. Co.*,
  No. C14-5676 RBL, 2014 U.S. Dist. LEXIS 159956 (W.D. Wash. Nov. 13, 2014) .......... 9

*Westwood Apex v. Conteras*,
  644 F.3d 799 (9th Cir. 2011) ......................................................................................... 6

*White v. Lambert*,
  370 F.3d 1002 (9th Cir. 2004) ..................................................................................... 10

*Wilson v. Intercollegiate (Big Ten) Conference A. A.*,
  668 F.2d 962 (7th Cir. 1982) ......................................................................................... 9

**STATUTES**

12 U.S.C § 1452(f) ............................................................................................... 1, 4, 13

12 U.S.C. § 1452(f)(1) ................................................................................................... 8

12 U.S.C. § 1452(f)(2) ................................................................................................... 4

12 U.S.C. § 1452(f)(3) ........................................................................................... passim

12 U.S.C. § 1723a(a) ..................................................................................................... 2

12 U.S.C. § 1819(b)(2)(B) ............................................................................................. 3

18 U.S.C. § 1452(f)(3) ................................................................................................... 6

28 U.S.C. § 1441(a) ....................................................................................................... 5

28 U.S.C. § 1442 ............................................................................................................ 1

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - iii
Case No. 2:15-cv-00881-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

105727.1662/6372557.3

28 U.S.C. § 1446 ....................................................................................................................... 7

28 U.S.C. § 1446(b) ............................................................................................................... 3, 9

28 U.S.C. § 1446(b)(1) ............................................................................................................ 10

28 U.S.C. § 1447(c) ........................................................................................................... 11, 12

28 U.S.C. § 1453(b) .................................................................................................................. 6

28 U.S.C. § 1454(b)(2) .............................................................................................................. 3

36 U.S.C. § 2 ............................................................................................................................. 2

12 U.S.C.A. § 1441a(l)(3)(A) ................................................................................................ 2, 8

Class Action Fairness Act of 2005 ...................................................................................... 6, 12

RCW 59.12 ............................................................................................................................... 4

RCW 59.12.130 ........................................................................................................................ 2

**OTHER AUTHORITIES**

Federal Civil Rule 41(a)(2) ....................................................................................................... 8

Wash. Civ. Rule 41(a)(3) ...................................................................................................... 1, 8

14C Wright, Miller & Cooper, Federal Practice and Procedure, § 3732 ................................. 9

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - iv
Case No. 2:15-cv-00881-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

105727.1662/6372557.3

## I. INTRODUCTION AND RELIEF REQUESTED

Counterclaim Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") respectfully files this response to Dkt. # 11, the Motion to Remand filed by Counterclaim Plaintiff Robert Brown ("Brown").  12 U.S.C. § 1452(f)(3) grants Freddie Mac the broad right to remove civil actions "at any time before trial."  Freddie Mac properly removed this action within the parameters of § 1452(f)(3), after Brown brought counterclaims and Freddie Mac voluntarily dismissed its limited unlawful detainer action.

Freddie Mac removed a similar suit last year.  In *Carlson v. Wells Fargo Bank, NA*, No. 2:15-00109JLR (W.D. Wash. May 4, 2015), Freddie Mac brought a post-sale unlawful detainer, and, while the eviction proceeding was pending, the borrower brought a separate state court suit against Freddie Mac alleging ten causes of action which Freddie Mac removed under 28 U.S.C. § 1442, 12 U.S.C § 1452(f).  Here, Brown asserted ten causes of action as counterclaims; they remain pending for "independent adjudication" after the voluntary dismissal of the limited unlawful detainer action; those counterclaims trigger removal under § 1452(f).  *See* Wash. Civ. Rule 41(a)(3) (dismissal of counterclaims).

The remand motion fails to disclose the lack of consensus in decisions construing § 1452(f) and fails to account for the independent adjudication status of the counterclaims in this case.  As established below, the record requires the denial of the remand motion and the request for a fee award.

## II. TIMELINE AND FACTUAL AND PROCEDURAL BACKGROUND

| | |
|---|---|
| March 22, 2013 | Freddie Mac purchased the subject property at non-judicial foreclosure sale.[1] |
| August 22, 2013 | Freddie Mac served the post-sale eviction lawsuit.[2] |
| November 13, 2013 | Freddie Mac filed the post-sale eviction lawsuit in state court.[3] |

---

[1] Trustee's Deed, Dkt. # 9-2 at 12, ¶ 10.
[2] Declaration of Service, Dkt. # 9-2 at 23.
[3] State Court Docket, Dkt. # 9-1 at 2 (entry # 1).

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 1
Case No. 2:15-cv-00881-RSM

105727.1662/6372557.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

| | | |
|---|---|---|
| May 21, 2014 | | The state court converted eviction lawsuit to a general proceeding.[4] |
| January 26, 2015 | | Freddie Mac moved for summary judgment on its eviction claims originally noting the hearing for March 6, 2015 – no hearing was ever held.[5] |
| February 23, 2015 | | Brown filed his Counterclaims against Freddie Mac, Wells Fargo and Third-Party Defendant Northwest Trustee Services, Inc.[6] |
| May 22, 2015 | | Freddie Mac took a nonsuit on its unlawful detainer claim.[7] |
| June 2, 2015 | | Freddie Mac removed lawsuit to this Court.[8] |

### III. ANALYSIS AND ARGUMENT

**A.    Congress Has Made Independent Grants of Federal-Court Jurisdiction and Exceptions to the General Removal Statute.**

Congress has granted federal-question jurisdiction to some federally chartered corporations. *See, e.g.*, *Am. Nat'l Red Cross v. S.G.*, 505 U.S. 247505 U.S. 247, 112 S. Ct. 2465, 120 L. Ed. 2d 201 (1992); *Lightfoot v. Cendant Mortg. Corp.*, 769 F. 3d 681, 682 (9th Cir. 2014) (applying *Am. Nat'l Red Cross rule* and ruling federal charter confers federal-question jurisdiction over claims brought by or against Fannie Mae.).  These two cited decisions construe statutes providing the federally-chartered organization with power to "sue or be sued" "in courts of law and equity, State or Federal" in the case of the American Red Cross or "in any court of competent jurisdiction" in the case of Fannie Mae. *Lightfoot*, 769 F.3d at 683-87 (citing 36 U.S.C. § 2 and 12 U.S.C. § 1723a(a)).  Congress has granted the Resolution Trust Corporation greater removal authority than is available to others. *See* 12 U.S.C.A. § 1441a(l)(3)(A); *infra* at x.

---

[4] Order, Dkt. # 9-7 at 86-87.  "A court presiding over a[n] unlawful detainer action may decide issues related to rightful possession of the subject property.  Although the court does not sit as a court of general jurisdiction to decide issues unrelated to possession of the subject property it may resolve any issues necessarily related to the parties' dispute over such possession."  *Port of Longview v. Int'l Raw Materials, Ltd.*, 96 Wn. App. 431, 438, 979 P.2d 917, 922 (1999) (citing references omitted).  An unlawful detainer action "shall take precedence of all other civil actions" on the court's trial calendar.  RCW 59.12.130.
[5] State Court Docket, Dkt. # 9-1 at 4 (entry # 47, 51).
[6] State Court Docket, Dkt. # 9-1 at 4 (entry # 53).
[7] *Id.* at 5 (entry # 71).
[8] Dkt. # 1.

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 2
Case No. 2:15-cv-00881-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

105727.1662/6372557.3

Additionally, Congress has enacted statutes directly extending the 30-day time limitation in the general removal statute (28 U.S.C. § 1446(b)) or permitting an extension of the time period. For example, the Federal Deposit Insurance Corporation (FDIC) has 90 days to remove from the date suit is filed against it or from when it is substituted as a party. 12 U.S.C. § 1819(b)(2)(B).

More recently, as part of the Leahy-Smith America Invents Act (AIA) in 2011, Congress adopted 28 U.S.C. § 1454(b)(2) -- an exception to the well-pleaded complaint rule and known as the so-called "Holmes Group fix." In *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-31, 122 S. Ct. 1889, 153 L. Ed. 2d 13 (2002), the Supreme Court applied the well-pleaded-complaint rule that has long governed when a case "arises under" federal law for purposes of § 1331. "The well-pleaded-complaint rule provides that whether a case 'arises under' patent law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the bill or declaration ...." *Id.* at 830. In *Holmes*, the Court held that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiffs complaint—cannot serve as the basis for 'arising under' jurisdiction." *Id.* at 831. Stated another way, the Court ruled: "we decline to transform the longstanding well-pleaded-complaint rule into the 'well-pleaded complaint-or-counterclaim rule'…." *Id.* at 831.

Yet, subsequently, Congress adopted the so-called "*Holmes Group* fix" in § 1454(b)(2) providing that the removal of claims arising under patent, plant variety, and copyright law can be removed by "any party" and the deadlines for removal "may be extended at any time for cause shown" under § 1454(b)(2). Therefore, on the basis of federally protected intellectual property rights a counterclaimant can remove a case. *See, e.g., Donahue v. Tokyo Electron Am., Inc.*, 42 F. Supp. 3d 829, 838 (W.D. Tex. Aug. 27, 2014) (assuming notice of removal was untimely, extending the deadline for removal for cause shown under § 1454(b)(2) to permit the registration of the copyrighted work, and retaining counterclaims for copyright infringement and intellectual property rights but remanding state

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 3
Case No. 2:15-cv-00881-RSM

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

105727.1662/6372557.3

law claim for age discrimination).

Proper analysis requires construing the terms of the particular statute granting federal-question jurisdiction and removal powers.

**B.  Congress Has Made an Independent Grant of Federal-Court Jurisdiction and Broad Removal Rights to Freddie Mac.**

Federal-question jurisdiction is granted in the chartering statute for Freddie Mac: "[A]ll civil actions to which [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value." 12 U.S.C. § 1452(f)(2).  Section 1452(f)(3) in turn grants Freddie Mac a broad right to remove any case in state court "any time before trial":

> (f)(3)  **any** civil or other **action**, case or controversy in a court of a State, or in any court other than a district court of the United States, **to which the Corporation is a party may at any time before the trial thereof be removed** by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of the Corporation is located, by following any procedure for removal of causes in effect at the time of such removal.

§ 1452(f)(3) (adding emphasis).  Freddie Mac exercised that broad right in this case under the grant of § 1452(f) that states: "**Not withstanding** § 1349 of Title 28 or **any other provision of law**." § 1452(f) (adding bold).

**C.  Freddie Mac Exercised Its Broad Right under § 1452(f)(3) to Remove the Counterclaims for Independent Adjudication.**

Freddie Mac originally filed a post-foreclosure, summary unlawful detainer action under chapter 59.12 RCW.[9]  On February 23, 2015, Brown answered the summary action and asserted ten counterclaims.[10]  On May 22, 2015, Freddie Mac dismissed the summary action without prejudice.[11]  Freddie Mac removed the counterclaims on June 2, 2015,[12] and Brown

---

[9] State Court Docket, Dkt. # 9-1 at 2 (entry # 2).
[10] *Id.* at 4 (entry # 53).
[11] State Court Docket, Dkt. # 9-1 at 5 (entry # 71).
[12] Notice of Removal, Dkt. # 1.

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 4
Case No. 2:15-cv-00881-RSM

105727.1662/6372557.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1  has moved for remand.[13]

2  **1.  Section 1452(f)(3) applies – not the general removal statute.**  Brown claims that Freddie Mac was not permitted to remove this matter, because it was a plaintiff and 28 U.S.C. § 1441(a) permits removal only by a "defendant."[14]  While the general removal statute's § 1441(a) does allow removal only by "a defendant," 12 U.S.C § 1452(f)(3) permits removal "of any civil or other action… to which the Corporation [Freddie Mac] is a *party*[.]"  The reasonable reconciliation of these statutes is that while parties may only remove actions as defendants under the general removal statute, Freddie Mac under its § 1452(f)(3) rights may remove an action if it is a counterclaim defendant, or more specifically in this case if it has dismissed its own very narrow claims asserted in a summary proceeding.

The cases cited by Brown do not address the procedural position of this case.  First, Brown cites cases that stand for the basic proposition that a plaintiff cannot remove even if served with counterclaims, because § 1441(a) permits removal only by a "defendant."  Resp. 5, Dkt. 11.  But these are not Freddie Mac cases discussing the special right to remove under § 1452(f)(3).

Next, Brown cites *Ocwen v. Mickna*, 2015 WL 685264 at *2, *6 (W.D. Ark. Feb. 17, 2015), but no counterclaims were asserted against Freddie Mac in that case.  Instead, Freddie Mac removed the case purely as a plaintiff after it was about to receive a negative result.[15]  Brown also cites *Freddie Mac v. Amersey*, 2014 WL 1400086 (E.D. Mich. Apr. 9, 2014), but once again this is a case without counterclaims – Freddie Mac attempted to remove it in a purely plaintiff capacity.[16]

**2.  Section 1452(f)(3)'s broad right to remove "any action … to which [Freddie Mac] is a party at any time before trial" authorizes removal when Freddie Mac becomes a counterclaim defendant before trial."**  Brown ignores two district court cases in

---

[13] Dkt. # 11.
[14] Mot. 4-5, Dkt. # 11.
[15] Mot. 6, Dkt. No. 11.
[16] *Id.*

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 5
Case No. 2:15-cv-00881-RSM

105727.1662/6372557.3

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

Alabama where Freddie Mac was permitted to remove after becoming a counterclaim defendant, and cites one case where the court granted remand. *Compare Fed. Home Loan Mortg. Corp. v. Pihakis*, No. CV-13-S-1094-S, 2013 WL 3874524 (N.D. Ala. July 25, 2013) (denying remand); *Freddie Mac v. Brooks*, No. 3:11cv313-WHA (WO), 2011 U.S. Dist. LEXIS 71523, 2011 WL 2619132, *4-8 (M.D. Ala. July 1, 2011) (denying remand) *with Freddie Mac v. Shaffer*, 2014 WL 7180777 (N.D. Ala. Dec. 16, 2014) (cited by Brown).

There is no "consensus" among district courts that have considered this issue.[17] The better reasoned authority supports removal by Freddie Mac in the capacity as a counterclaim defendant under the "any party" term.

> The plain language of § 1452(f), especially when considered in contrast to § 1441(a), the general removal statute, indicates that Freddie Mac need not be a defendant to remove a case to federal court. Section 1452(f), unlike § 1441(a), does not state that the action "may be removed by the defendant or the defendants," rather, it states that Freddie Mac may remove "any civil or other action, case or controversy . . . to which [Freddie Mac] is a party." There is no limitation, in § 1452(f), that the removing party be a "defendant," rather, the prerequisite at issue is simply that Freddie Mac be a "party" to the case. As a Plaintiff/Counterclaim Defendant in this case, Freddie Mac is unquestionably a "party."

*Mac v. Brooks*, 2011 U.S. Dist. LEXIS 71523, *7; *accord, In re Franklin Nat'l Bank Sec. Litig. v. Anderson*, 532 F.2d 842, 843 (2d Cir. 1976) (approving removal by Freddie Mac on its status as receiver of national bank notwithstanding its status as party plaintiff).

Section 1452(f)(3)'s "any party" category is broader than the "defendant" category used in other special removal statutes. *Compare Westwood Apex v. Conteras*, 644 F.3d 799 (9th Cir. 2011) (ruling "removed by any defendant" does not permit plaintiff/counterclaim defendants and third-party defendants under Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453(b)) *with* 18 U.S.C. § 1452(f)(3) (stating "any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed

---

[17] *See Fed. Home Loan Mortg. v. Litano*, No. 3:15-10019-MAP, 2015 U.S. Dist. LEXIS 71066, *3 (D. Mass. Mar. 30, 2015) ("It cannot be said that a consensus has emerged among the district courts that have considered the issue raised here.")

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 6
Case No. 2:15-cv-00881-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

105727.1662/6372557.3

by the Corporation ...."). Section 1452(f)(3)'s direction for removal "following any procedure for removal" must be construed in view of § 1452(f)(3)'s grant of a substantive right to removal in "any action ... to which [Freddie Mac] is a party may at any time before trial be removed." That specific right trumps the general procedure for removal merely by defendants, within 30 days of service of the complaint, or of another paper first indicating removability under 28 U.S.C. § 1446 (Procedural for removal of civil actions).

**3.  Freddie Mac's nonsuit of its summary unlawful detainer action leaves the counterclaims as an independent action subject to removal under § 1452(f)(3).**  *Shaffer* and its progeny are distinguishable on an additional ground:  Freddie Mac *did not* dismiss its affirmative claims before removing in *Shaffer*, but Freddie Mac did dismiss its affirmative claims before removing this case on the basis of the counterclaims.[18]

This case is most similar to the Ninth's Circuit's *Mendoza* decision. *Mendoza v. Fed. Nat'l Mortg. Ass'n*, 469 F. App'x 544 (9th Cir. 2012). In *Mendoza*, as in this case, Freddie Mac filed a post-foreclosure eviction action in state court. 469 F. App'x at 545. The plaintiffs then filed a class action complaint as a separate action in the same court. *Mendoza* Compl., Dkt. # No. 37 at 12. Freddie Mac dismissed the eviction action and then removed the class action complaint. 469 F. App'x at 546 ("Freddie Mac and Fannie Mae filed the unlawful detainer actions before the plaintiffs filed these actions, and thereafter voluntarily dismissed them.") The district court remanded the case *sua sponte*, and the Ninth Circuit reversed. *Id*

The Ninth Circuit focused on whether Freddie Mac and Fannie Mae had manifested its intent to litigate the plaintiffs' claims in state court (waiving their removal rights) and applied the rule that "[i]n general, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits." *Id.* (citing *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994)).

In *Bayside Developers*, the statutory language provided that the Resolution Trust

---

[18] Dkt. # 1-2 (Answer and counterclaims).

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 7
Case No. 2:15-cv-00881-RSM

105727.1662/6372557.3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

1  Corporation ("RTC") 'may remove any action, suit or proceeding from a State court to the
2  United States district court …" and the Ninth Circuit concluded: "Nothing in the removal
3  statute limits the stage at which the RTC may remove." *Bayside*, 43 F.3d at 1236. "Rather, §
4  1441a(l)(3) 'gives the RTC greater removal authority than that available to others.'" "The
5  RTC is only bound by final unappealable judgments entered before its appointment."
6  *Bayside*, 43 F.3d at 1236 (quoting 12 U.S.C.A. § 1441a(l)(3)(A) and *Hellon & Assocs., Inc. v.*
7  *Phoenix Resort Corp.*, 958 F.2d 295, 299 (9th Cir. 1992)).

8        Section 1452(f)(3) grants Freddie Mac similar broad removal rights.  The voluntary
9  dismissal of the summary unlawful detainer action permitted Brown's broader counterclaims
10 to remain pending for independent adjudication under Washington Civil Rule 41(a)(3).  "If a
11 counterclaim has been pleaded by a defendant prior to the service upon the defendant of
12 plaintiff's motion for dismissal, the action shall not be dismissed against the defendant's
13 objection unless the counterclaim can remain pending for independent adjudication by the
14 court."  Wash. CR 41(a)(3).[19]  Therefore, by operation of the civil rule, Brown's
15 counterclaims are effectively an independent "action" triggering § 1452(f)(3) rights.  Section
16 1452(f)(3) grants Freddie Mac the right to remove "any civil or other action, case or
17 controversy … to which the Corporation is a party may at any time before the trial …." §
18 1452(f)(3) (adding emphasis).

19       In the procedural posture of this case, Brown's civil counterclaims are an independent
20 adjudication just as if he had brought the separate class-action in *Mendoza* or the separate ten-
21 count complaint in *Carlson*.  *Mendoza v. Fed. Nat. Mortg. Ass'n*, 469 F. App'x 544 (9th Cir.
22 2012); *Carlson v. Wells Fargo Bank, NA*, No. C15-0109JLR (W.D. Wash. May 4, 2015).  If
23 Brown decided to voluntarily dismiss the counterclaims without prejudice when Freddie Mac
24 nonsuited the unlawful detainer action, then Freddie Mac could have brought a declaratory
25 judgment suit against Brown in federal court under § 1452(f)(1).  The result should not be

---

[19] *Accord*, Federal Civil Rule 41(a)(2) (if defendant has pleaded counterclaim, then the action may be dismissed over the defendant's objection only if the counterclaim will remain pending for "independent adjudication.")

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 8
Case No. 2:15-cv-00881-RSM

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

105727.1662/6372557.3

1 different merely because Brown elected independent adjudication of the counterclaims after the nonsuit, especially in view of Freddie Mac's broad removal rights.

**4. The policies underlying the revival exception support the removal of the ten-counterclaims for independent adjudication.** Here, Freddie Mac's status as a party radically changed when Brown brought his counterclaims. The counterclaims assert ten causes of action (including criminal profiteering, theft, and mortgage fraud) and joined two third-party defendants. Dkt. # 1-2. These counterclaims do not fall within the narrow exception to the general rule that "[c]ounterclaims may not be asserted in an unlawful detainer action." *Fed. Nat'l Mortg. Ass'n v. Ndiaye*, --- P.3d ---, 2015 WL 3755067, *3 (Wn. App. June 16, 2015); *Sav. Bank of Puget Sound v. Mink*, 49 Wn. App. 204, 209, 741 P.2d 1043 (1987) (unlawful detainer defendant was not permitted to raise defenses or counterclaims alleging breach of the Truth in Lending Act, intentional infliction of emotional distress, defamation, slander of title, breach of contract, abuse of process, outrage, fraud, malicious prosecution, usury, or unjust enrichment).

For the same reasons that the amendment of a complaint may revive a removal period if it changes the character of a suit so as to make a substantially new suit, the ten-count counterclaim and the dismissal of the summary action either extended or revived the removal period. *Compare SRSEN v. State Farm Mutual Auto. Ins. Co.*, No. C14-5676 RBL, 2014 U.S. Dist. LEXIS 159956 (W.D. Wash. Nov. 13, 2014) (considering the revival exception but declining to apply it to the case before it); *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1142 n.5 (9th Cir. 2013) (stating "[i]n light of that conclusion [that removal was timely under the § 1446(b), we have no occasion to decide whether to join other circuits[5] in recognizing a "revival exception,"….) *with Wilson v. Intercollegiate (Big Ten) Conference A. A.*, 668 F.2d 962 (7th Cir. 1982); *Braud v. Transport Serv. Co. of Illinois*, 445 F.3d 801, 806 & n.10 (5th Cir. 2006) (quoting 14C Wright, Miller & Cooper, Federal Practice and Procedure, § 3732 at 311-48). Therefore, the independent adjudication of the

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 9
Case No. 2:15-cv-00881-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

105727.1662/6372557.3

counterclaims triggered Freddie Mac's right to removal under § 1452(f)(3), and the Motion to Remand should be denied.

### D. Freddie Mac's Removal was Timely Under § 1452(f)(3).

12 U.S.C § 1452(f)(3) grants Freddie Mac the right to remove cases "at any time before trial[.]"  Yet, Brown contends that 28 U.S.C. § 1446(b)(1)'s general removal requirements required Freddie Mac to remove within 30 days after being served with his counterclaims.[20]  The statutes' plain text and the cannons of construction refute Brown's construction that improperly elevates the more general statute over the more specific statute. "[W]hen two statutes cover the same situation, the more specific statute takes precedence over the more general one." *White v. Lambert*, 370 F.3d 1002, 1008 (9th Cir. 2004).  Therefore, the more specific statute whose "any time before trial" term grants a special prerogative to Freddie Mac takes precedent over the general statute requiring a 30-day deadline for regular defendants.  Indeed, in *Amersey*, which Brown himself cites, the court held that the 30-day period under § 1446(b)(1) does not apply to Freddie Mac. "I first note that the chartering statute does squarely change the timing for Freddie Mac to remove cases from the 30–day period in the general removal statute[.]"). *Amersey*, 2014 WL 1400086, at *2.  Therefore, the argument that Freddie Mac had to remove the case within 30 days fails.

### E. The Removal of the Independent Adjudication of the Counterclaims is Equitable.

The final section of the Motion to Remand argues that Freddie Mac should be denied access to this Court, because its removal was inequitable.[21]  Brown contends that Freddie Mac consented to the jurisdiction of the state court by filing its summary unlawful detainer action there and so should remain in that forum.[22]  Brown cites to a laundry list of actions that Freddie Mac took supposedly manifesting its intent to litigate in state court.[23]  Yet, all of these actions occurred before Brown filed his counterclaims.[24]  Freddie Mac does not dispute that it

---

[20] Mot. 7, Dkt. # 11.
[21] Mot. 11-13, Dkt. No. 11.
[22] *Id.*
[23] Mot. 9-10, Dkt. # 11.
[24] *Compare id. with* State Court Docket, Dkt. # 9-1 at 4 (entry # 53).

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 10
Case No. 2:15-cv-00881-RSM

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

105727.1662/6372557.3

attempted to litigate is unlawful detainer claims in state court. But shortly after Brown filed the counterclaims, Freddie Mac struck its summary judgment motion, dismissed its affirmative summary proceeding claims, and removed the case. Freddie Mac did not manifest any intent to litigate the counterclaims – the only live claims in this case – in state court.

Brown raised counterclaims that could not be resolved in the limited forum of the unlawful detainer lawsuit. *See Port of Longview*, 96 Wn. App. at 438. Brown converted the narrow, summary unlawful detainer action into a general civil action.[25] Brown fundamentally changed the nature of the narrow action by asserting ten counterclaims. After Brown brought those counterclaims and before the Court granted any other relief or made any other rulings, that Freddie Mac removed the counterclaims.[26]

Brown attempts to compare the procedural history of this case to that of *Mickna*.[27] In *Mickna*, unlike here, there were no counterclaims. 2015 WL 685264 at *1-2. Moreover, in *Mickna*, the defendant moved to dismiss Freddie Mac's affirmative claims, the state court granted the motion, and requested that the parties draft an order to that effect. *Id.* In that very different context, Freddie Mac removed and was accused of forum shopping. *Id.*

The state court has made no similar dispositive decisions on the counterclaims asserted in this case. Brown's counterclaims seek equitable relief and damages from Freddie Mac. Congress has determined that Freddie Mac has the right to defend against these claims in federal court. 12 U.S.C § 1452(f)(3). Thus, Freddie Mac's removal of this case was proper; the motion to remand should be denied.

**F.  The Absence of Appellate Precedent on the Removal under § 1452(f)(3) of an Independent Adjudication of Counterclaims Precludes a Fee Award.**

Brown requests the discretionary award of attorney fees and costs if the court grants remand.[28] 28 U.S.C. § 1447(c) ("may require payment"). The record does not support his request. "There is no presumption in favor of awarding fees following a remand, and the use

---

[25] *See* Mot. 2 (procedural history of case).
[26] Mot. 2, Dkt. # 11.
[27] *Id.* at 12.
[28] *Id.* 13.

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 11
Case No. 2:15-cv-00881-RSM

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

105727.1662/6372557.3

of the term 'may' in Section 1447(c) leaves the district court with discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin, Capital Corp.*, 546 U.S. 132, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005). In *Martin,* the Court held: "[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only when the removing party lacked an objectively reasonable basis for removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* at 141.

"[R]emoval is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). The objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. *Id*. at 1066-67 (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) ("[I]f clearly established law did not foreclose a defendant's basis for removal, the district court should not award attorney's fees.")).

Where a defendant's interpretation of the statute authorizing removal was not objectively unreasonable, fees are denied. *See Lussier v. Dollar Tree*, 518 F.3d at 1063 (affirming denial of fees). *Id.* (concluding "the district court did not abuse its discretion in finding that the lack of clarity in the law at the time, … removal arguments were not unreasonable" under the Class Action Fairness Act of 2005 (CAFA) for a putative class-action for wages by employees). *Id.* at 1064 (stating district court ruled Dollar Tree raised novel issues under CAFA and district courts were divided on the meaning of "commenced" in other contexts). *Id.* at 1063 n.1; *id*. at 1066-67 (Dollar Tree's arguments were not clearly foreclosed, where it cited one circuit court opinion, and argued the opinion was distinguishable).

At the very least, Freddie Mac has demonstrated that the lack of clarity in the law; therefore, it had an objective basis for the removal, and fees should be denied.

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 12
Case No. 2:15-cv-00881-RSM

105727.1662/6372557.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

## IV. **CONCLUSION**

Brown asserted ten causes of action as counterclaims; they remain pending for "independent adjudication" after the voluntary dismissal of the limited unlawful detainer action. Those counterclaims trigger removal under § 1452(f). Therefore, Freddie Mac respectfully requests that the Court deny the motion for remand.

DATED: July 6, 2015.

LANE POWELL PC

By *s/ Abraham K. Lorber*
    David C. Spellman, WSBA No. 15884
    spellmand@lanepowell.com
    Andrew G. Yates, WSBA No. 34239
    yatesa@lanepowell.com
    Rudy A. Englund, WSBA No. 04123
    englundr@lanepowell.com
    Abraham K. Lorber
    lorbera@lanepowell.com

    1420 Fifth Avenue, Suite 4200
    PO Box 91302
    Seattle, WA 98111-9402
    T: 206.223.7000
    F: 206.223.7107

Attorneys for Counterclaim Defendant Federal Home Loan Mortgage Corporation and Third-Party Defendant Wells Fargo Bank, N.A.

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 13
Case No. 2:15-cv-00881-RSM

105727.1662/6372557.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

**CERTIFICATE OF SERVICE**

I certify that on the date indicated below I caused a copy of the foregoing document to be filed with the Clerk of the Court via the CM/ECF system. In accordance with their ECF registration agreement and the Court's rules, the Clerk of the Court will send e-mail notification of such filing to the attorneys of record.

I affirm under penalty of perjury under the laws of the State of Washington and the United States that the foregoing is true and correct to the best of my knowledge.

SIGNED July 6, 2015 at Seattle, Washington.

*s/ Peter Elton*
Peter Elton

FREDDIE MAC'S RESPONSE
TO BROWN'S MOTION TO REMAND - 14
Case No. 2:15-cv-00881-RSM

105727.1662/6372557.3

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107