**THE HONORABLE JUDGE RICARDO S. MARTINEZ**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN DOE, JANE DOE and all Occupants of the Premises located at 8361 Seabreeze Court, Blaine WA 98230,<br><br>                Defendants. | CASE NO. 2:15-cv-00881<br><br>REPLY TO FREDDIE MAC'S RESPONSE TO BROWN'S OBJECTION TO NOTICE OF REMOVAL AND MOTION TO REMAND<br><br>NOTE ON MOTION CALENDAR: FRIDAY, JULY 10, 2015 |
| ROBERT BROWN, an individual,<br><br>                Third-Party Plaintiff,<br><br>    v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation; RCO LEGAL, P.S., a Washington Professional Services Organization; WELLS FARGO BANK, N.A.,<br><br>                Third-Party Defendants. | |

Defendant, Counter-Plaintiff, and Third-Party Plaintiff Robert Brown ("Brown"), by and through counsel, submits this Reply to Plaintiff Freddie Mac's Response to Brown's Objection to Notice of Removal and Motion to Remand.

I.    REPLY

Remand is appropriate because Freddie Mac has failed to demonstrate removal was

proper.[1] Freddie Mac cites to unrelated and facially different statues in an unavailing attempt to draw similarities with 12 U.S.C. § 1452(f)(3); similarities that simply do not exist. The plain language of 12 U.S.C. § 1452(f)(3), case law, and the facts surrounding this case all support remand. Freddie Mac's Response to Brown's Objection to Notice of Removal and Motion to Remand ("response") is an attempt to cloud the issues by throwing around legal doctrines, such as "independent adjudication" and the "revival exception," without providing any persuasive legal support or analysis on how they apply. Finally, Freddie Mac's argument that it never agreed to litigate issues broader than those related to unlawful detainer is not supported by the actions it took over the nineteen (19) months it spent litigating this case in state court.

## A.   Reply to Plaintiff Freddie Mac's assertion that 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. § 1452(b) provide guidance in this case

In order to agree with Freddie Mac's reasoning that it could remove as a Plaintiff at any time before trial, this court would have to conclude the last sentence of 12 U.S.C. § 1452(f)(3) is void and superfluous. "It is "a cardinal principle of statutory construction" that "a statute ought, upon the whole, to be construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 543 U.S. 19, 31, 122 S. Ct. 441, 151 L.Ed.2d 339 (2001) (citing *Duncan v. Walker*, 533 U.S. 167, 174, 121 S.Ct. 2120, 150 L.Ed. 251 (2001)). The last sentence of 12 U.S.C. § 1452(f)(3) states: Freddie Mac may only remove, "**by following any procedure for removal of causes in effect at the time of such removal**." 12 U.S.C. § 1452(f)(3) (emphasis added). By its plain language, "any procedure for removal" necessarily includes the general and foundational removal procedures

---

[1] *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881 2

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

set out in 28 U.S.C. §§ 1441, 1446.

Plaintiff Freddie Mac's citations to 12 U.S.C. § 1819(b)(2)(B) demonstrates that if Congress intended to allow Freddie Mac broader removal authority, it would have not included a limiting phrase mandating Freddie Mac follow the general removal procedures. 12 U.S.C. § 1819(b)(2)(B) does not contain a similar requirement that "any removal procedure" must be followed. *See* 12 U.S.C. § 1819(b)(2)(B). In addition, 12 U.S.C. § 1819(b)(2)(B) gives a very specific time and reason for altering the general removal procedures for the Federal Deposit Insurance Company ("FDIC"): "before the end of the 90-day period beginning on the date of the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." It is clear from the language of 12 U.S.C. § 1819(b)(2)(B), that Congress was allowing the FDIC to not only remove as a Defendant, but also remove when substituting in as a party because of the FDIC's unique ability to intervene and become a derivative suit plaintiff. *Franklin Nat. Bank Securities Litigation v. Andersen*, 532 F.2d 842, 845 (2nd Cir., 1976). Further, when Congress was enacting 12 U.S.C. § 1819(b)(2)(B) is only allowing removal for actions "filed against the corporation", when the FDIC was the defendant, or for actions when, "the Corporation is substituted as a party," but not for actions when the FDIC was the original Plaintiff. *See* 12 U.S.C. § 1819(b)(2)(B).

Freddie Mac has not substituted in as a party, nor has it cited to any rationale for why Congress would grant it such broad removal powers. *See generally* Response. In essence, Freddie Mac is claiming that Congress, despite the contrary language in 12 U.S.C. § 1452(f)(3), was actually granting it more power than the FDIC for no obvious reason, an unavailing conclusion.

Freddie Mac's citation to 28 U.S.C. § 1454(b)(2) is also unhelpful here. "The removal of an action under this section shall be made in accordance with section 1446, except that if

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881 3

**STAFNE TRUMBULL, PLLC**
_____
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

removal is based solely on this section." 28 U.S.C. § 1454(b)(2). This language is directly

opposite of the language in 12 U.S.C. § 1452(f)(3), where Congress specifically stated any

removal procedures must be followed. *Compare* 12 U.S.C. § 1452(f)(3) *with* 28 U.S.C. §

1454(b)(2). Freddie Mac cites to the case *Donahue v. Tokyo Electron America, Inc.*, but even

in *Donahue*, the removing party was the Defendant, not the Plaintiff. 42 F. Supp. 3d 829, 833

(2014). Additionally, the court never decided if the notice of removal was untimely, but

instead held the Defendants had presented sufficient evidence that the deadline should be

extended for good cause shown, which is a unique feature of 28 U.S.C. § 1454(b)(2). *Id.*

There is no mechanism in 12 U.S.C. § 1452(f)(3) which would allow the deadline for

removal to be extended for "cause shown." *See* 12 U.S.C. § 1452(f)(3). Even if there was and

Freddie Mac could remove as a Plaintiff, Freddie Mac has put forth no reasonable justification

for why its notice of removal was filed: (1) years after starting the lawsuit (2) after seeking

affirmative summary relief numerous times[2] and (3) over three months after being served

Brown's counterclaims. *See* Whatcom County case No. 13-2-028383, Dkts 1, 53.

**B.    Reply to Plaintiff Freddie Mac's argument that Congress has given Freddie Mac broad and unimaginable Removal Rights**

The majority of district courts[3] have rejected Freddie Mac's argument that 12 U.S.C. §

1452(f)(3) grants it broad removal rights. *Compare Fed. Home Loan Mortg. Corp. v. Pihakis*,

---

[2] Freddie Mac filed two Motions for Writ of Restitution, a Supplemental Motion in Response to Superior Court's Letter, Response to Motion for Reconsider, and a Summary Judgment Motion. Whatcom County Case No. 13-2-028383, Dkt.s 5, 12, 23, 37, and 47.

[3] Freddie Cites two Alabama District Court Cases, *Fed. Home Loan Mortg. Corp. v. Pihakis*, No. CV-13-S-1094-S, 2013 WL 3874524 (N.D. Ala. July 25, 2013) *and Freddie Mac v. Brooks*, No. 3:11cv313-WHA, 2011 WL 2619132 (M.D. Ala. July 1, 2011). However, *Pihakis* was decided over two years ago and since then the published decisions have all supported Brown's position that Freddie Mac should be allowed to remove. *See Fed. Home Loan Mortgage Corp. v. Litano*, No. 15-CV-10019-MAP, 2015 WL 3632334 (D. Mass. June 1, 2015); *Freddie Mac v. Shaffer*, No. 2:14-cv-1690-WMA, 2014 WL 7180777 (N.D. Ala. Dec. 16, 2014); *Freddie Mac v. Amersy*, 2014 WL 1400086 (E.D. MI Apr. 9, 2014); *Ocwen v. Mickna*, No. 5:14-CV-05330, 2015 WL 685264 (W.D. Ark. Feb. 17, 2015).

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881  4

**STAFNE TRUMBULL, PLLC**
_____
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

No. CV-13-S-1094-S, 2013 WL 3874524 (N.D. Ala. July 25, 2013) *and Freddie Mac v. Brooks*, No. 3:11cv313-WHA, 2011 WL 2619132 (M.D. Ala. July 1, 2011) *with Fed. Home Loan Mortgage Corp. v. Litano*, No. 15-CV-10019-MAP, 2015 WL 3632334 (D. Mass. June 1, 2015); *Freddie Mac v. Shaffer*, No. 2:14-cv-1690-WMA, 2014 WL 7180777 (N.D. Ala. Dec. 16, 2014); *Freddie Mac v. Amersy*, 2014 WL 1400086 (E.D. MI Apr. 9, 2014); *Ocwen v. Mickna*, No. 5:14-CV-05330, 2015 WL 685264 (W.D. Ark. Feb. 17, 2015).

Most recently in *Litano,* a Massachusetts District Court held Freddie Mac could not remove as a Plaintiff under 12 U.S.C. § 1452(f)(3), even after the Defendant filed counterclaims. *Litano*, 2015 WL 3632334, at *6. In summarizing Freddie Mac's action, the *Litano* court stated: "This litigation reveals a dubious practice on the part of Plaintiff Federal Home Loan Mortgage Corporation, whereby it will initiate a summary process proceeding against an unrepresented party in the state court, then immediately seek to remove the case to federal court if that party retains counsel, resists eviction, and asserts counterclaims." *Id. at * 1.*

In both *Litano* and the case here, Freddie Mac filed eviction actions in state court and removed the case after the defendant obtained counsel and filed an answer and counterclaims. *Id.*; *see also* Whatcom County Case No. 13-2-02838-3, Dkt. 2 (Freddie Mac filed complaint against Brown on November 13, 2013).

Here, the facts are even more egregious than in *Litano*. In *Litano*, Freddie Mac only waited a couple months to remove, but here Freddie Mac has waited approximately 19 months. *Compare Litano,* 2015 WL 3632334, at *2-3 *with* Whatcom County Case No. 13-2-02838-3, Dkt. 2 (Freddie Mac filed complaint against Brown on November 13, 2013); Dkt. 1 (Notice of Removal filed on June 6, 2015). Additionally, Freddie Mac waited over three

Reply to Freddie Mac's Response to Brown's Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881  5

STAFNE TRUMBULL, PLLC
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

months after being served Brown's answer and counterclaims to remove. Dkt. 1; Whatcom County case No. 13-2-028383, Dkt. 53. Under the persuasive reasoning of *Litano*, remand is proper. Freddie Mac's dubitable attempt to remove this case after multiple attempts at summary adjudication offends the conscience because it is obvious Freddie Mac feels it has an advantage when its disputes are heard in Federal Court.

**C.   Reply to Plaintiff Freddie Mac's Argument that Removal was proper because Brown's counterclaims could be independently adjudicated.**

Whether or not Brown's counterclaims could be independently adjudicated, is irrelevant to whether or not this court has jurisdiction to hear the case and whether or not Freddie Mac's removal was proper. "Independent adjudication" comes up in the context of voluntary dismissals because some counterclaims are subject to dismissal if they cannot be independently adjudicated. *Hamilton v. Firestone Tire & Rubber Co., Inc.*, 679 F.2d 143, 145 (9th Cir., 1982). Here, Freddie Mac concedes Brown's claims can be independently adjudicated. Response at 8:14-15.

Freddie Mac's theory seems to be that if a claim can be independently adjudicated then removal by the Plaintiff is proper. Response at 8:14-15. However, Freddie Mac cites to no authority for the proposition that characterizing a claim as one capable of independent adjudication triggers 12 U.S.C. § 1452(f)(3) or any other removal procedure, likely because independent adjudication and removal are two distinct issues with no causal relationship.

Instead of providing support for its tenuous independent adjudication theory, Freddie Mac, again cites to the unpublished case of *Mendoza*, but does not address any of the substantive differences between *Mendoza* and this case, which Brown raised in his motion for remand. Response at 7:7-25 (*citing Mendoza v. Fed. Nat'l Mortg. Ass'n*, 469 F. App'x 544 (9th Cir. 2012)). In *Mendoza*, Freddie Mac was not the plaintiff, but the defendant in a class

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881  6

STAFNE TRUMBULL, PLLC
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

action lawsuit. Further, the Plaintiffs did not challenge the removal. Additionally, the trial court, *sua sponte*, remanded because Freddie Mac had previously filed separate lawsuits against the plaintiffs and dismissed them. *Mendoza*, 469 F. App'x at 545. The Ninth Circuit found the court could not, *sua sponte*, remand past the cutoff date for remanding.[4] *Id.* at 545-46. The court also went on to say Freddie Mac, **as the defendant**, had not manifested its intent to waive its rights to remove, just because it had **previously filed separate lawsuits** with the same parties. *Id.* at 545-46.

Here, *Mendoza* does not even remotely apply to the situation because:1) Freddie Mac is not the defendant here, 2) there are not two separate actions, 3) the court is not *sua sponte* deciding to remand outside the thirty (30) day challenge window, and, 4) Freddie Mac has manifested its intent to waive its right to remove by filing its case in state court, where it stayed and litigated all issues for almost two years including issues outside the summary proceeding of an unlawful detainer action, as discussed *infra*.

Likewise, Freddie Mac's citation to 12 U.S.C. § 1441a(1)(3)(a) for the proposition that Congress granted the Resolution Trust Corporation greater power to remove than the general removal statute is also unpersuasive. 12 U.S.C. § 144a(1) has been repealed and is no longer good law. *See* 12 U.S.C. § 1441a(1). Additionally, the statute at play here specifically states Freddie Mac must follow the general removal procedures.

**D.    Reply to Plaintiff Freddie Mac's argument that Brown's Counterclaims support Removal under the "Revival Exception"**

Freddie Mac did not remove the case within thirty (30) days of Brown filing his answer and counterclaims. Whatcom County Case No. 13-2-02838-3, Dkt. 53 (Brown filed his

---

[4] Under 28 U.S.C. § 1447(c) "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)."

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881  7

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

answer and counterclaims on Feb.23, 2015); Dkt. 1 (Notice of Removal filed June 6, 2015). Accordingly, Freddie Mac's argument that Brown's counterclaims gave rise to removal under the "revival exception" is irrelevant. *See* 28 U.S.C. § 1446.[5]

Further, Brown's counterclaims do not grant this court jurisdiction simply because they are broader than the unlawful detainer action initiated by Plaintiff Freddie Mac. The issues of the case broadened when the Superior Court converted Freddie Mac's unlawful detainer action into a general civil action on May 21, 2014. Whatcom County Case No. 13-2-02838-3, Dkt. 43. Brown's counterclaims are based on Washington state law and were centered around the issues already being litigated in the case: i.e. Violations of the Washington Deeds of Trust Act, Ch. 61.24 RCW; Violations of the Washington Consumer Protection Act, Ch. 19.86 RCW; Breach of Contract; Negligence; Equitable Relief, Criminal Profiteering, Forgery; False Representations Concerning Title; and Offering False Instruments for Filing or Recording. Whatcom County Case No. 13-2-02838-3, Dkt. 53.

Freddie Mac's argument that Brown's counterclaim materially altered the case because it was only an unlawful detainer lawsuit misrepresents the procedural posture of this case. *See* Response at 9:4-14. Whatcom County Superior Court converted the unlawful detainer proceeding into a general civil proceeding **nine months** before Brown filed counterclaims essentially turning Freddie Mac's claim for unlawful detainer into an ejectment action. *Compare* Whatcom County Case No. 13-2-02838-3, Dkt. 43 (Order converting unlawful detainer filed on May 21, 2014) *with* Whatcom County Case No. 13-2-02838-3, Dkt. 53 (Brown filed his answer and counterclaims on Feb.23, 2015).

---

[5] Under 1446(2)(B): "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal."

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881  8

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Freddie Mac is now claiming it only intended to litigate its unlawful detainer claims in state court and not Brown's counterclaims. Response, 10:19-11:10. However, possession and ownership are preliminary issues that must be resolved prior to adjudicating an unlawful detainer action. *Pearson v. Gray*, 90 Wash. App. 911, 917, 954 P.2d 343 (1988). As part of the Superior Court's order, it specially states: "This means that all issues related to the Plaintiff's ownership and/or possession of the premises, and/or Deed of Trust and Promissory Note pertaining to the premises, will be at issue and subject to the Court's jurisdiction in this matter." Whatcom County Case No. 13-2-02838-3, Dkt. 43. If Freddie Mac genuinely wanted to abandon the state forum once it became clear they were not entitled to the speedy resolution of an unlawful detainer action,[6] it would have removed the case following the Superior Court's conversion of the matter into a general civil case in May 2014, when the court specifically found it was going to hear all matters under its general jurisdiction. *See* Whatcom County Case No. 13-2-02838-3, Dkt. 43.

Instead, Freddie Mac decided to proceed forward by filing a motion for summary judgment on January 16, 2015. Whatcom County Case No. 13-2-02838-3, Dkt. 47. In its motion, Freddie Mac argued Brown had no authority to challenge the assignment of the Deed of Trust and any "alleged defects of flaws with the assignment of deed of trust are irrelevant." *Id.* at 7:21-8:17, 10:14-25. Additionally, Freddie Mac argued it was entitled to summary judgment because "[t]he DTA does not require that an assignment be recorded in the name of the foreclosing beneficiary before foreclosure actions can commence"[7] and that Wells Fargo

---

[6] *Heaverlo v. Keico Industries, Inc.*, 80 Wash. App. 724, 733, 911 P.2d 406 (1996) (citing *Young v. Riley*, 59 Wash.2d 50, 52, 365 P.2d 769 (1961) ("In sum, we adhere to the statutory purpose for an unlawful detainer action. That purpose is to provide a speedy and summary resolution of possession . . . .")

[7] This argument flies in the face of 61.24.040, which requires information on the assignment to be given to the borrower in the Notice of Trustee Sale so they can verify chain of title.

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881 9

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

was the beneficiary of Brown's Deed of Trust because it was the holder.[8] *Id.* at 11:11. Freddie

Mac argued a holder need not be an owner to invoke the power of the DTA and that the

trustee had the requisite proof under RCW 61.24.030(7)(a) to rely on Wells Fargo's

beneficiary declaration. *Id.* at 15:1-9. Freddie Mac also argued the legislative history of the

DTA and case law supported its position that a non-owner can be the beneficiary. *Id.* at 15-

10-17:7. Freddie Mac even argued the trustee did not violate its duty of good faith under

RCW 61.24.010(4). *Id.* at 18:1-21. Finally, Freddie Mac argued it and the trustee complied

with the remainder of the DTA requisites, including issues regarding the Notice of Default

and the Declaration of Loss Mitigation. *Id.* at 20:22-21:8. Significantly, these arguments were

made to the Court two weeks before Brown filed his answer and counter-claims. *Compare Id.*

at 1:1-4 (filed January 26, 2015) *with* Dkt. 53 at 1:1-5 (filed February 23, 2015). The core

issues raised by Freddie Mac's motion are the same issues raised in Brown's counterclaims

and demonstrate Freddie Mac intended to move forward litigating all issues surrounding

Brown's nonjudicial foreclosure in state court. *Id.*

Additionally, Freddie Mac did a voluntary dismissal and is not foreclosed from reviving

its original claims to effectuate adjudication in its now favored forum, federal court. The only

other activity in state court, prior to removing, was a change in Freddie Mac's counsel.[9]

**E.   An award of Attorney Fees is warranted**

Attorney fees are appropriate because Freddie Mac lacked a reasonable basis for

removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 133, 126 S. Ct. 704, 163 L. Ed .2d

547 (2005). Freddie Mac based its removal upon 12 U.S.C. § 1452(f)(3), which requires it to

---

[8] Freddie Mac seems to conflate "holder" used in 61.24.005 with "possessor." However, "holder" in 61.24.005 is equivalent to owner. *See Lyons v. U.S. Bank Nat'l Assn.*, 181 Wash.2d 775, 789, 336 O.3d 1142 (citing *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wash.2d 83, 102, 111, 285 P.3d 34 (2012); *see also* RCW 62A.3-301.

Reply to Freddie Mac's Response to Brown's Objection to Notice of Removal and Motion to Remand
Case No. 2:15-cv-00881  10

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

follow any relevant removal procedure including 28 U.S.C. § 1446. Freddie Mac could not

meet the timing and party requirements for removal under 28 U.S.C. § 1446, but removed in

an improper attempt to forum shop in light of the facts of this case and the law, as discussed at

length throughout Brown's Motion to remand and this reply. Freddie Mac's actions are akin

to forcing Mr. Brown to participate in a poker game, where everyone at the table is forced to

go all in, even though they don't want to, only for Freddie Mac to grab all of its chips after the

turn goes against it and change tables. This action would get anyone kicked out of the gaming

establishment, and the same should hold true in this case. Freddie Mac should be required to

finish the case in the state court forum, it chose in 2013. An award of attorney fees for this

dubious litigation tactic is warranted.

## II.   CONCLUSION

Plaintiff Freddie Mac has not demonstrated removal was proper and this Court should

remand back to Whatcom County Superior Court. Freddie Mac relies on 12 U.S.C. §

1452(f)(3) to show its removal was proper, but 12 U.S.C. § 1452(f)(3) states Freddie Mac can

remove, "by following any procedure for removal" and Freddie Mac did not follow the

removal procedures under the general removal statute of 28 U.S.C §§ 1441, 1446. Freddie

Mac removed as the Plaintiff nineteen (19) months after filing a lawsuit against Brown in

state court and over three (3) months after being served Brown's counterclaims, all in

violation of 28 U.S.C. § 1446. Freddie Mac's removal is a blatant attempt to forum shop now

that is unhappy with its results in state court and should be remanded with an award of

attorney fees.

---

[9] Two days before Freddie Mac removed the case, it filed a Notice substituting its counsel. Whatcom County Case No. 13-2-02838-3, Dkt. 75.

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881 11

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Dated this 10th day of July, 2015 at Arlington, Washington.

Respectfully Submitted By:

STAFNE TRUMBULL, PLLC

Joshua B. Trumbull, WSBA# 40992
Emily A. Harris, WSBA# 46571
Brian J. Fisher, WSBA# 46495
Attorneys for Robert Brown

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881  12

## CERTIFICATE OF SERVICE

I, Ashley Burns, certify under penalty of perjury under the laws of the United States of America that on this 10th day of July, 2015 I electronically filed the foregoing Reply to Freddie Mac's Response to Brown's Objection to Notice of Removal and Motion to Remand with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the registered users of the CM/ECF system in this action

DATED this 10th day of July, 2015 at Arlington, Washington.

Ashley Burns
Paralegal
Stafne Trumbull, PLLC

Reply to Freddie Mac's Response to Brown's Objection to Notice
of Removal and Motion to Remand
Case No. 2:15-cv-00881  13

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005