1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FEDERAL HOME LOAN MORTGAGE CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> JOHN DOE, JANE DOE and all Occupants of the Premises located at 8361 Seabreeze Court, Blaine WA 98230, <br><br> Defendants. | Case No. C15-881RSM <br><br> ORDER GRANTING THIRD-PARTY PLAINTIFF'S MOTION TO REMAND |
| ROBERT BROWN, an individual, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> NORTHWEST TRUSTEE SERVICES, INC., a Washington Corporation, ROC LEGAL,P.S., a Washington Professional Services Organization; WELLS FARGO BANK, N.A., <br><br> Third-Party Defendants. | |

## I.        INTRODUCTION

This matter comes before the Court on Defendant/Counter Plaintiff/Third-Party Plaintiff

Robert Brown ("Brown")'s Objection to Notice of Removal and Motion to Remand, Dkt. #11.

ORDER GRANTING THIRD-PARTY
PLAINTIFF'S MOTION TO REMAND - 1

1   Plaintiff/Counterclaim Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac")

2   opposes this Motion.   Dkt. # 14.   Having reviewed the parties' briefing, declarations, and

3   attached documents, the Court agrees in part with Brown.   Accordingly, this matter will be

4   REMANDED back to Whatcom County Superior Court.

## II.   BACKGROUND[1]

On November 13, 2013, Freddie Mac filed an action for unlawful detainer in Whatcom County Superior Court.   Dkt. #9-1 at 2.   On December 30, 2013, Freddie Mac motioned the Court for an Order Issuing a Writ of Restitution.   Dkt. #9-2 at 78.   On January 15, 2014, the Superior Court heard Freddie Mac's motion, and requested additional briefing regarding Freddie Mac's claim of ownership and the validity of the trustee's sale; a second hearing took place on April 11, 2014.   *Id.* at 3; Dkt. #11 at 2.   On April 11, 2014, the Superior Court granted a conditional Writ of Restitution which allowed Brown two weeks to come forth with materials regarding the validity of the trustee's sale before the writ would take effect.   Dkt. #9-5 at 7-8. Subsequently, Brown presented evidence demonstrating the Assignment of Deed of Trust relied upon by Freddie Mac was a nullity because the Assignment was executed two days before the Deed of Trust was executed.   Dkt. #11 at 2; Dkt. #9-5 at 18-44.   On May 21, 2014, the Superior Court rescinded the writ and converted the unlawful detainer action into a general civil action. Dkt. #9-7 at 86-87.   The Superior Court also ordered "all issues related to the Plaintiff's ownership and/or possession of the premises, and/or the Deed of Trust and Promissory Note pertaining to the premises" were at issue and it would consider Brown's claims for violations of the Deeds of Trust Act.   *Id.* at 87.

---

[1] The following background facts are taken from Brown's Motion to Remand, Dkt. #11, and are not challenged by Freddie Mac in its Response.   *See* Dkt. #14.

ORDER GRANTING THIRD-PARTY
PLAINTIFF'S MOTION TO REMAND - 2

On January 26, 2015, Freddie Mac filed a motion for summary judgment. Dkt. #9-1 at 47. On February 23, 2015, Brown filed a Response in which Brown requested summary judgment in his favor finding the trustee sale of his home was void. *Id.*; Dkt. #11 at 3. Freddie Mac struck the hearing. Dkt. #13 at 4. In addition to the Response, on February 23, 2015, Brown filed his Answer and asserted counterclaims against Freddie Mac. Dkt. #9-10 at 8-25. In addition to asserting counterclaims against Freddie Mac, Brown also asserted third party claims against Northwest Trustee Services, RCO Legal P.S., and Wells Fargo Bank, N.A. *Id.* On May 22, 2015, Freddie Mac reversed course and filed a stipulated motion and order of dismissal without prejudice as to its unlawful detainer claim. Dkt. #9-1 at 5; Dkt. #14 at 7. Brown's counterclaims against Freddie Mac and others remained. On June 1, 2015, Brown filed a motion for default against Freddie Mac and all third party defendants for their failure to answer under Rule 4 of the Washington Rules of Civil Procedure. Dkt. #9-10 at 97.

On June 2, 2015, Freddie Mac filed a Notice of Removal in this Court, citing federal question jurisdiction under 28 U.S.C. § 1331 and broad removal power under 12 U.S.C. § 1452(f)(3) as the bases for removal. Dkt. #1 at 1. On June 4, 2015, Freddie Mac filed a Notice of Removal in the state court. Dkt. #9-11 at 13.

## III.    DISCUSSION

### A. Standard of Review

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582

ORDER GRANTING THIRD-PARTY
PLAINTIFF'S MOTION TO REMAND - 3

F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (*per curiam*) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (alterations in original). This Court must order remand if there is any defect which causes federal jurisdiction to fail. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts about removability are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

**B. Freddie Mac's Unusual Status as a Plaintiff-Remover**

Freddie Mac relies on 12 U.S.C. § 1452(f)(3) as the basis for federal question jurisdiction. Dkt. #1 at 2. This statute states: "any civil or other action, case or controversy in a court of a State, or in any court other than a district court of the United States, to which the Corporation is a party may at any time before the trial thereof be removed by the Corporation, without the giving of any bond or security, to the district court of the United States for the district and division embracing the place where the same is pending, or, if there is no such district court, to the district court of the United States for the district in which the principal office of the Corporation is located, by following any procedure for removal of causes in effect at the time of such removal." 12 U.S.C. § 1452(f)(3). Freddie Mac further cites to *Mendoza v. Federal Nat. Mortg. Ass'n*, Nos. 10-56069, 10-56058, 469 Fed. Appx. 544 (9th Cir. 2012) as a case with "functionally identical procedural circumstances" in support of removal. Dkt. #1 at 2-3.

In his Motion for Remand, Brown argues that any removal under this statute must be made "by following any procedure for removal of causes in effect at the time of such removal," and that 28 U.S.C §§ 1441, 1446 sets forth those procedures. Under 28 U.S.C. § 1441(a), a civil action may be removed to federal court, by a defendant, if the action is founded on a claim

ORDER GRANTING THIRD-PARTY
PLAINTIFF'S MOTION TO REMAND - 4

or right to which the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  28 U.S.C. § 1446(a) contemplates "a defendant or defendants" removing a civil action from statue court to district court.  Brown cites to three cases where courts have found 12 U.S.C. § 1452(f)(3) does not give Freddie Mac an absolute right to remove when Freddie Mac does not meet the requirements for removal under 28 U.S.C. § 1446.  Dkt. #11 at 6 (citing *Ocwen v. Mickna*, 2015 U.S. Dist. LEXIS 23061, 2015 WL 685264 at *2, *6 (W.D. Ark. Feb. 17, 2015); *Fed. Home Loan Mortg. Corp. v. Shaffer*, 72 F. Supp. 3d 1265, 2014 U.S. Dist. LEXIS 173641 (N.D. Ala. 2014); *Freddie Mac v. Amersy*, 2014 WL 1400086 (E.D. MI Apr. 9, 2014)).

   *Shaffer* held under similar facts and similar briefing by Freddie Mac:

> Any ambiguity in, or doubt about, a removal, or the basis for jurisdiction, is to be resolved against the removing party.
>
> …
>
> Freddie Mac is necessarily arguing that Congress has given it startlingly preferential treatment over all other congressionally created entities, and has endowed it with rights given to no other government entity. Such a loose and casual reading is woefully inadequate in light of the presumption against removeability.
>
> …
>
> ...[T]he unequivocal requirement in § 1452(f)(3) [states] that Freddie Mac follow "any procedure for removal of causes in effect at the time of such removal." (emphasis added). The only procedure for removal purportedly made available to Freddie Mac in § 1452(f) at the time of removal was 28 U.S.C. § 1441, which allows removal only by "the defendant or defendants." There is no procedure anywhere in Title 28 for removal by a plaintiff.
>
> …
>
> By using the word "party" [in § 1452(f)(3)], Congress did not, and could not, mean to alter the circumstances for removal set up in §§ 1345, 1442, and 1441.

ORDER GRANTING THIRD-PARTY
PLAINTIFF'S MOTION TO REMAND - 5

72 F. Supp. 3d 1265, 1268-72.

Brown argues that Freddie Mac's citation to *Mendoza* is inapposite because Freddie Mac was a defendant in that case, and because the 9th Circuit in *Mendoza* stated that prior to dismissal of the unlawful detainer actions, Fannie Mae and Freddie Mac had taken no "actions in state court that manifested their intent to adjudicate these actions in state court or to abandon their rights to a federal forum." *Mendoza*, 469 Fed. Appx. at 546. Here, the record is clear that Freddie Mac was a plaintiff in the state court action, and that Freddie Mac took significant actions to show its intent to adjudicate the merits of that case. *See* Dkt. #11 at 9-10 (listing the substantial filings of Freddie Mac in the state court action).

In response, Freddie Mac argues that Brown fails to disclose the lack of consensus in decisions construing § 1452(f). Dkt. #14 at 6. Freddie Mac admits that "the general removal statute's § 1441(a) does allow removal only by 'a defendant,'" but argues that "12 U.S.C § 1452(f)(3) permits removal 'of any civil or other action… to which the Corporation [Freddie Mac] is a party[.]'" *Id.* at 10. Freddie Mac argues that "[t]he reasonable reconciliation of these statutes is that while parties may only remove actions as defendants under the general removal statute, Freddie Mac under its § 1452(f)(3) rights may remove an action if it is a counterclaim defendant, or more specifically in this case if it has dismissed its own very narrow claims asserted in a summary proceeding." *Id.* In support of this "reasonable reconciliation," Freddie Mac cites to two cases where remand was denied on similar circumstances: *Fed. Home Loan Mortg. Corp. v. Pihakis, No.* CV-13-S-1094-S, 2013 WL 3874524 (N.D. Ala. July 25, 2013); *Freddie Mac v. Brooks*, No. 3:11cv313-WHA (WO), 2011 U.S. Dist. LEXIS 71523, 2011 WL 2619132, *4-8 (M.D. Ala. July 1, 2011).[2] Freddie Mac concedes that *Shaffer*, *supra*, supports

---

[2] Freddie Mac also cites to *Carlson v. Wells Fargo Bank, NA*, No. 2:15-00109JLR (W.D. Wash. May 4, 2015), as a similar case where Freddie Mac removed to this district last year. Dkt. #14 at 6. However, as the party opposing

ORDER GRANTING THIRD-PARTY
PLAINTIFF'S MOTION TO REMAND - 6

Brown's position in this Motion, but argues that *Brooks* and *Pihakis* contain the "better reasoned authority." Dkt. #14 at 11. Freddie Mac also cites to *Fed. Home Loan Mortg. v. Litano*, No. 3:15-10019-MAP, 2015 U.S. Dist. LEXIS 71066, *3 (D. Mass. Mar. 30, 2015) for the proposition that there is no "consensus" among district courts that have considered this issue. Dkt. #14 at 11.[3]

    *Litano* could hardly be less helpful for Freddie Mac's position. *Litano* persuasively held that Freddie Mac cannot remove as a Plaintiff under §1452(f)(3). Although *Litano* relies heavily on *Shaffer* to reach this holding, it also cites to several other district courts who "have concluded that the removal provisions in Section 1452(f) cannot be read so broadly as to place Freddie Mac in a uniquely privileged position with regard to removal..." *Litano*, 2015 U.S. Dist. LEXIS 71066 at *7  (citing, *inter alia*, *Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 23061, 2015 WL 685264 at **2-7 (remanding on the basis of statutory construction, deeming abstention appropriate, and finding Freddie Mac's conduct in the case to constitute inappropriate forum shopping and a third basis for remand); *Fed. Home Loan Mortg. Corp. v. Amersey*, No. 13-13753, 2014 U.S. Dist. LEXIS 49415, 2014 WL 1400086 (E.D. Mich. April 9, 2014) (remanding based on statutory construction)).

    Freddie Mac argues that because it voluntarily dismissed its claims in the underlying state court action before removing, this case is distinguishable from *Shaffer*. Dkt. #14 at 12. Brown points out in Reply that "Freddie Mac cites to no authority for the proposition that characterizing a claim as one capable of independent adjudication triggers 12 U.S.C. § 1452(f)(3) or any other removal procedure, likely because independent adjudication and

---

Freddie Mac in that case did not bring a motion to remand or otherwise challenge the removal, that case provides no legal authority to aid the Court in deciding this Motion.
[3] Freddie Mac cites to a report and recommendation by Magistrate Judge Katherine A. Robertson, which was subsequently adopted upon *de novo* review by the District Court. *Fed. Home Loan Mortg. Corp. v. Litano*, 2015 U.S. Dist. LEXIS 71067 (D. Mass. June 1, 2015.)

ORDER GRANTING THIRD-PARTY
PLAINTIFF'S MOTION TO REMAND - 7

removal are two distinct issues with no causal relationship." Dkt. #15 at 6. Although Freddie Mac does appear to cite to *Mendoza*, to support its contention, that case is procedurally distinguishable for the reasons stated above. The Court agrees with Brown—the voluntary dismissal of its claims does not substantially change Freddie Mac's original status as a Plaintiff—indeed it support's Brown's claim of improper forum shopping.

In reviewing the cases cited to by the parties, the Court finds more support for Brown's position than Freddie Mac's, and finds the analysis in *Shaffer* and *Litano* to be the more persuasive. The Court therefore finds that 12 U.S.C. § 1452(f) does not grant Freddie Mac the power to remove as a plaintiff in a state court action, and thus remand is proper.

**C. Timeliness**

Brown further argues that Freddie Mac did not comply with the timing provision of 28 U.S.C. § 1446(b)(1). Freddie Mac responds by citing to allegedly controlling timing guidelines in 12 U.S.C. § 1452(f)(3). As the Court has already ruled that 12 U.S.C. § 1452(f)(3) does not provide removal authority to Freddie Mac in this case, the Court declines to rule on this issue.

**D. Improper Forum Shopping and Attorneys' Fees**

Brown further argues that Freddie Mac is engaging in improper forum shopping after failing to obtain a desired result in the state court. Dkt. # 11 at 11-13. Brown argues he is entitled to an award of just costs and actual expense under 28 U.S.C. § 1447(c) because "the removal was improper and untimely, and was objectively unreasonably (sic) because Freddie Mac is a Plaintiff, who chose Whatcom County as the forum where motions practice has occurred over the last two years, and it is obvious Freddie Mac is improperly forum shopping." *Id.* at 13.

This Court is not the first to hear evidence of improper forum shopping by Freddie Mac. *See Ocwen Loan Servicing, LLC*, 2015 U.S. Dist. LEXIS 23061, 2015 WL 685264, at *5-6 ("[The state court's] dismissal was dispositive of the case on the issue of the running of the statute of limitations…. [and] would have left no further issues of law or fact for resolution. Counsel for Freddie Mac admitted during the motion hearing that removal was sought because his client disagreed with [the state court's] decision on the motion to dismiss…. Improper forum shopping certainly qualifies as a manipulative tactic. This case was properly within the jurisdiction of the State court—the forum Freddie Mac selected—when it was removed. Removal was improper under the circumstances."); *Litano*, 2015 U.S. Dist. LEXIS 71066 at *16 ("there is reason to be concerned that Freddie Mac's interpretation of Section 1452 provides an opening for inappropriate forum shopping"); *Fed. Home Loan Mortg. Corp. v. Litano*, 2015 U.S. Dist. LEXIS 71067, *1 (D. Mass. June 1, 2015) ("[t]his litigation reveals a dubious practice on the part of Plaintiff Federal Home Loan Mortgage Corporation, whereby it will initiate a summary process proceeding against an unrepresented party in the state court, then immediately seek to remove the case to federal court if that party retains counsel, resists the eviction, and asserts counterclaims.").

Freddie Mac acknowledges that it was accused of improper forum shopping in *Ocwen Loan Servicing, LLC*, but argues that case was procedurally different because there were no counterclaims in that case (unlike this case), and because that case involved dispositive decisions at the state court level that are lacking here. Dkt. #14 at 16. Freddie Mac further argues that attorneys fees are not warranted under § 1447(c), citing *Martin v. Franklin, Capital Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005) ("[A]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only when the removing party

ORDER GRANTING THIRD-PARTY
PLAINTIFF'S MOTION TO REMAND - 9

lacked an objectively reasonable basis for removal. Conversely, when an objectively reasonable basis exists, fees should be denied.")

The Court finds reason to believe that Freddie Mac engaged in improper forum shopping in this case. However, it cannot be said that Freddie Mac lacked an objectively reasonable basis for removal given its ability to remove in *Carlson v. Wells Fargo Bank, NA*, No. 2:15-00109JLR (W.D. Wash. May 4, 2015) and the lack of "consensus" among district courts that have actually considered the issue. *See Litano*, 2015 U.S. Dist. LEXIS 71066 at *5.[4] As such, attorney's fees are not warranted under 28 U.S.C. § 1447(c).

## IV.    CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1.  Defendant/Counter Plaintiff/Third-Party Plaintiff Robert Brown's Objection to Notice of Removal and Motion to Remand, Dkt. #11, is GRANTED.

2.  Robert Brown's request for attorney's fees is DENIED.

3.  This case is hereby REMANDED to the Superior Court of Washington State in and for the County of Whatcom.

4.  This matter is now CLOSED.

DATED this 5 day of October 2015.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

---

[4] The Court notes, however, that as decisions pile up against Freddie Mac on this issue, the "consensus" will manifest itself and fees may be warranted in the future.

ORDER GRANTING THIRD-PARTY
PLAINTIFF'S MOTION TO REMAND - 10